PATTON et ux. v. SHAPIRO.

(Court of Civil Appeals of Texas. Galveston. Feb. 13, 1913. Rehearing Denied March 6, 1913.)

1. HABEAS CORPUS (§ 49*)—OBJECTIONS TO JURISDICTION.

Where an application for habeas corpus was filed and defendants filed answers without questioning the jurisdiction or asserting their privilege to have the matter determined in the county of their residence, and judgment was entered in their favor, and at a subsequent term the relator filed a petition for a rehearing and new trial, defendants cannot object to the jurisdiction of the court, as their privilege of being sued in the county of their residence was lost by their previous failure to object on that ground.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 49.*]

2. HABEAS CORPUS (§ 117*)—RES ADJUDICATA—GROUNDS FOR HABEAS CORPUS PROCEEDINGS.

A father brought habeas corpus for his minor daughter, held by defendants, on the ground that he was the sole surviving parent, and that she was unlawfully restrained by defendants. Judgment was given against him, and he petitioned for a rehearing and for a new trial and the setting aside of the former judgment. Held, that the former judgment did not prevent him from urging, in the subsequent proceedings, that he was a Jew; that his child

was deprived of Jewish education and worship and of the association of her blood kin and relations; that, if permitted to remain with defendants, she would remain ignorant of the religion of her people; that there was tuberculosis in the family of defendants; and that he feared the child would contract the disease if she remained with defendants; and the judgment in the first proceeding is not res adjudicata of the judgment in favor of the petitioner in the second proceeding.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 119, 120; Dec. Dig. § 117.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Mose Shapiro presented an application for a writ of habeas corpus against J. T. Patton and wife. The writ was granted, and defendants appeal. Affirmed.

W. R. Boyd, of Teague, for appellants. Gill, Jones & Stone, of Houston, for appellee.

McMEANS, J. On April 14, 1911, Mose Shapiro presented to honorable Norman G. Kittrell, judge of the Sixty-First judicial district court of Harris county an application for a writ of habeas corpus, duly sworn to by him, in which he alleged that he was the father and sole surviving parent of the minor Mollie B. Shapiro, and that said Mollie B. Shapiro was unlawfully restrained of her liberty at Teague, Tex., by John Patton and his wife, Viola Patton, who resided in Freestone county, and praying that upon a hearing the said minor be discharged from such restraint. The writ was issued and the minor brought before the court and a hearing had; Patton and his wife having previously appeared and filed their answers. No questions as to the jurisdiction of the court or of the privilege of Patton and wife to have the matter heard and determined in the county of their residence was raised in this proceeding. The court, after hearing the evidence, entered its judgment awarding the custody of the minor to Patton and wife, and to this judgment Shapiro excepted and gave notice of appeal, and afterwards filed a motion for a new trial; but it appears that the motion was never called up and acted upon, and that no appeal was prosecuted from that judgment.

On April 20, 1911, and at a subsequent term of the court, Shapiro filed in the same court and in the same case his petition for a rehearing, and for a new trial, asking that the former judgment be vacated and that he be awarded the custody of the minor. In this petition Shapiro alleged, among other reasons why the custody of the child should be awarded to him, that he and the child are Jews, and that Patton and wife are Gentiles; that he is worth approximately $10,000, and is married and has other children living with him; that said Mollie B. Shapiro is now deprived of the Jewish education and religious worship, and of her blood kin and

relations, all of which benefits it would receive were said child with him; that, if permitted to remain in the custody of Patton and wife, it would remain in ignorance of the religion and religious views entertained by her people. He further alleged that he was informed and believed that several members of Mrs. Patton's family had died from tuberculosis, and that she then had a brother lying at the point of death from that disease, and that he honestly believed that tuberculosis is hereditary in her family, and that, if said child is permitted to remain in the family of Mr. and Mrs. Patton, naturally, being in constant association and close contact with Mrs. Patton, the child would contract that disease, to its great injury and damage. He prayed for a reopening of the case and for the custody of his child.

Notice of the filing of this petition was duly served upon the Pattons, and in due order of pleading they filed their plea of privilege to have the issues involved tried and determined in Freestone county, which is the county of their residence, and also pleaded the former judgment of the court, awarding to them the custody of the child, as res adjudicata of the questions involved in this proceeding, and also filed their answer to the merits. The court overruled the plea of privilege and also that of res adjudicata, reopened the case for further hearing, and, upon a trial on the merits, rendered its judgment awarding the custody of the child to its father, Mose Shapiro. From this judgment Patton and wife have appealed.

The only assignments of error presented by appellants are that the court erred in overruling their plea of privilege to be sued in Freestone county, and in refusing to sustain their plea of res adjudicata. No statement of the facts proved on the trial accompanies the record, and the power of the court to vacate its former judgment upon the facts adduced is not questioned.

[1] We think the court did not err in refusing to sustain appellants' plea of privilege to be sued in the county of their residence. As before shown, the original application was filed in the district court of Harris county, and appellants appeared, answered, and submitted to the jurisdiction of that court. The right to have the matters heard and determined in the county of their residence was not then urged, but waived. The subsequent proceedings, out of which this appeal grew, were but a reopening of the original proceedings; and, having once submitted to the jurisdiction of the court to hear and determine the matters at issue, they lost the privilege of being sued in the county of their residence, for which they now contend.

[2] Nor do we think that the court erred in refusing to sustain appellants' plea of former adjudication. Whether treating the

last proceeding as an original and independent action, or as a continuation of the original action, we think that under the facts pleaded, and, doubtless, proved, the former judgment awarding the custody of the child to appellants is not a bar to the judgment appealed from. In 29 Cyc. 1605, the rule is stated: "The custody of the child rests in the discretion of the court; and the exercise of this discretion will not be disturbed on appeal, except in case of manifest abuse. The chancellor, by virtue of his general jurisdiction over infants, may order an infant not only to be relieved from illegal restraint, but to be surrendered to its parents. The decree in awarding the custody of children, while final in determining the present rights of the parties, should not be permanent, but temporary, in its nature and effect, and should be left open to future control and modification by the court as subsequent conditions may require for the good of the children. And the court may by its decrees change the custody of the child from one parent to the other, as in its judgment the interest and care of the child require."

This court in Hall v. Whipple, 145 S. W. 310, uses this language: "The right to the custody of a minor is a question over which courts of equity have jurisdiction; and an order of the district judge in relation thereto is always subject to modification or change upon a proper showing; and the court would have retained jurisdiction over the child whether the judgment so expressly provided or not."

The Supreme Court of Alabama in Pearce v. Pearce, 136 Ala. 190, 33 South. 884, in discussing this subject, says: "In proceedings of this nature, involving the custody and care of infants, the paramount consideration is the well-being and good of the infant. The rights of the petitioner and the defendant in the petition are secondary in consideration. The infant is regarded as the ward of a court of chancery, and that court will not permit its well-being to be jeopardized by any judgment in a previous contest between the father and mother concerning his custody and care. The court may by its decree change its custody from one parent to the other as the interest and care of the infant may, in the judgment of the court, require. The character and purpose of the proceeding are different from an action where only the rights of the parties litigating are involved."

But a contrary rule seems to have been recognized by the Court of Civil Appeals of the Eighth District in Ex parte Fuller, 123 S. W. 204. The rule is there stated that: "Where the purpose of a writ of habeas corpus is to obtain the custody of children, the decision of the court in regard to the right of custody becomes res adjudicata, and bars a second application on the same facts; but, if a different state of facts and circumstances can be shown, a second application may be entertained."

As shown at the beginning of this opinion, the only facts alleged by Shapiro in his original application to show that he was entitled to the custody of the child was that he is its father and the sole surviving parent, and upon this ground only did he ask that its custody be awarded to him. In his petition for rehearing and to reopen the case, or his second independent action for the custody of the child, if it be so treated, after showing his financial ability to properly care for the child, that he is married and has other children living with him, and his Jewish parentage, he alleged that his said child was being deprived of Jewish education and religious worship and of the association of its blood kin and relations, and that, if permitted to remain with the Pattons, it would remain ignorant of the religion and religious views entertained by her people, and further that there was tuberculosis in the family of Mrs. Patton, and that he feared it was hereditary in her family, and that the child, by constant and close contact with her, would contract the disease. Just what proof was offered in support of these averments we cannot, in the absence of a statement of facts, tell; but the judgment recites that the decree is based in part "upon the fact that a number of the brothers and sisters of Mrs. Patton have died of tuberculosis, and upon the further fact that the father of the child is a Jew, devoted to his religion, and desires to train his child up in that faith"; and from these recitals we must presume that the allegations of the petition were substantially proved.

We think that, from the allegations in the second petition, a different state of facts and circumstances from those alleged in the first were shown, and that the judgment first rendered is not res adjudicata of the judgment appealed from.

We find no reversible error in the judgment, and it is therefore affirmed.

Affirmed.