And this court, through Judge Davidson, in Tweedle v. State, 29 Tex. App. 591, 16 S. W. 544, in discussing improper argument by the state's attorney, said:

"Concede that this argument was improper. It does not follow that the judgment should be reversed for this cause. The remarks must not only be improper, but they must be of such a nature as would be clearly calculated to prejudice the rights of the defendants. To reverse in all cases where counsel failed to confine themselves to the record would render trials farces."

These cases have been many times cited, quoted, and approved by this court, even down to almost this date. But let us see further what the court charged the jury. After, in the first paragraph, stating the case to the jury, in the next he told them:

"You, gentlemen, are the exclusive judges of the facts proved, and the credibility of the witnesses, and the weight to be given to the testimony."

Then follows the proper definition of the offense and the requisites the state must establish before a conviction could be had. In submitting the case to them for a finding, he required the jury to believe from the evidence beyond a reasonable doubt all of the facts necessary to convict, and they must further believe from the evidence beyond a reasonable doubt that Stella Mayberry was at the time of the act of intercourse, if any, under the age of 15 years. And then, in a further paragraph, he tells them, if they do not so believe from the evidence beyond a reasonable doubt, to acquit him. And, again, in a separate paragraph, he tells the jury that, if Stella was at the time of the act not a person under 15 years of age, "or if you have a reasonable doubt as to whether or not she was, you will give the defendant the benefit of such doubt and acquit him." He also charged the presumption of innocence and the reasonable doubt generally, and told them that, "if you have such doubt as to his guilt, acquit him." The jury assessed the lowest punishment authorized by law.

Under the facts and circumstances of this case, the said error of the court is not such error as would require or authorize a reversal.

The judgment is affirmed.

---

SMITH et al. v. LONG.    (No. 874.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 12, 1915. Rehearing Denied Jan. 5, 1916.)

1. HABEAS CORPUS ⬤⇒117 — CUSTODY OF CHILD.

Where, in a former controversy between the father and the maternal grandparents of a child, the court decreed that the grandparents have custody of the child, on the ground that the father was less than 21 years of age, unsettled in life, and possessing the characteristics of a boy, which judgment was affirmed on the father's appeal, and thereafter the father brought habeas corpus against the grandparents for the custody of the child at a time when he was living on his mother's farm under a 2-year lease, in possession of property, having settled down to steady work, the former judgment was not conclusive of the grandparents' right to the custody of the child, in view of the change in the circumstances and conditions of the parties.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 119, 120; Dec. Dig. ⬤⇒117.]

2. HABEAS CORPUS ⬤⇒99—CUSTODY OF CHILD —RIGHT OF FATHER.

Where the custody of the infant daughter of a father less than 21 years old was given to the maternal grandparents on account of the father's boyishness and unsettled character, and thereafter such father settled down upon his mother's farm, acquiring property, he was, at the age of 23, entitled to the custody of his child, then aged four, since the father is the natural guardian of a child, and ordinarily entitled to its custody, unless manifestly unworthy and incompetent to discharge his obligations.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 84; Dec. Dig. ⬤⇒99.]

Appeal from District Court, Briscoe County; R. C. Joiner, Judge.

Petition for habeas corpus by J. E. Long against S. B. Smith and another. Judgment for petitioner, and defendants appeal. Affirmed.

Martin, Kinder, Russell & Zimmermann, of Plainview, for appellants. K. Ewing Bain, of Silverton, for appellee.

HUFF, C. J. [1] J. E. Long filed his petition for writ of habeas corpus against Smith and his wife, Martha Smith, for the custody of his child, Aline Long, which was tried in the district court of Briscoe county, March 25, 1915, and judgment entered giving appellee, Long, the custody and possession of his child, Aline Long. Long is the father of the child, and S. B. Smith and Martha Smith, the grandfather and grandmother of the child. The mother of the child was the daughter of Smith and wife. The mother died while the child was very young. The appellee in this case instituted a former proceeding for the custody of the child, and the district court at that time rendered judgment, giving the appellants the custody of the child on the 27th day of March, 1913, decreeing—

"the custody of the child, Aline Long, to be and remain with S. B. Smith and wife, Martha Smith, until further order of this court."

The trial court upon that occasion filed conclusions of fact in which he states:

"I find that relator, J. E. Long, is at this time less than 21 years of age, not settled in life, and possessing the habits and characteristics of the usual boy of his age."

Also the facts brought out in that trial— "show relator to be lacking in a sense of responsibility and just appreciation of his duties as a father, and to be unable and unfit at this time to take care of an infant of tender years."

The appellee here appealed from the former judgment to this court, which will be found reported, Long v. Smith, 162 S. W. 25. It will be noted that this court then regarded the order theretofore rendered as temporary. The proposition is now advanced by appellants that the issues involved in this case were adjudicated against appellee and relator, and that there has since been no material change affecting the interests and welfare of the child. The child at the former trial was only 18 months old, while at the hearing on this trial was near 4 years old. The relator was then less than 21 years of age, while on this trial he was 23 years old. At that time he had no home; at this time he has a 2-year lease on his mother's farm and house, which is shown to be a good house; that his mother now lives with him and has entered into an agreement to take care of his child. He also now has a deed to 160 acres of land, some horses, hogs, cattle, and an interest in his mother's cattle, farming implements, and at the time of the trial below had 300 acres planted and prepared for planting a crop. The evidence will warrant the finding that

he settled down to steady work and habits, and that he remains home at night, and that he loves his child and is generally kind to children, and that they are fond of him. He is shown to be a good worker, industrious, and trustworthy, and that his boyish roughness has been largely overcome, and that he has broken himself of the habit of swearing. The court was authorized to find that the condition of the child would be as favorable with the father as with the maternal grandparents; that the grandparents are living on rented property, and the house in which they live is nothing like as good as the one provided by the father of the child.

The question on both trials was: Who is best suited to care for the welfare of the child? Wilson v. Elliott, 96 Tex. 472, 73 S. W. 946, 75 S. W. 368, 97 Am. St. Rep. 928. We saw no reason on a former trial to disturb the judgment of the trial court; neither do we find any reason at this time for disturbing the judgment upon the last trial. It is apparent that the court only regarded the evidence and facts occurring since the former trial, and the present condition of the parties was only considered, and the judgment based thereon. Estoppel by former judgment continues only when the circumstances are the same at the last trial as at the former. We think the change in the circumstances and conditions of the parties is sufficiently marked to authorize the trial court to enter a different judgment. Wilson v. Elliott, supra; Pittman v. Byars, 51 Tex. Civ. App. 83, 112 S. W. 102; Patton v. Shapiro, 154 S. W. 687; Hall v. Whipple, 145 S. W. 308; Ex parte Fuller, 123 S. W. 204.

[2] The father is the natural guardian of the child, and ordinarily is entitled to its custody, unless it is manifest to the court that the father is unworthy or incompetent to discharge the obligation. The presumption is in favor of the father; this presumption the facts in this case do not rebut. The years since the former trial the father has grown into manhood and his evident affection for his child has aroused an earnest effort to reform his hitherto uncouth manner, and he' has seriously gone to work and by steady efforts prepared a home for his little daughter, where she may be with him and his affection for her may be reciprocated. This worthy motive on his part should be encouraged.

The case is affirmed.