## DUNN v. JACKSON. (No. 2143.)

(Court of Civil Appeals of Texas. Texarkana. June 9, 1919. Rehearing Denied June 19, 1919.)

HABEAS CORPUS ⬅99(1, 6) — CUSTODY OF CHILD — PERSONS ENTITLED — WISHES OF CHILD.

The fact that defendant had cared for plaintiff's infant daughter for 14 years, is much attached to her, and is of good moral character, and that such child for some unknown reason is estranged from her father, stepmother, and half-sisters, does not justify giving defendant custody of such child when her father is a suitable person and able to care for her.

Error from District Court, Marion County; J. A. Ward, Judge.

Habeas corpus proceedings by J. T. Jackson to recover from Mrs. L. A. Dunn the custody of his minor child. From a judgment for plaintiff, defendant brings error. Judgment affirmed.

R. R. Taylor, of Jefferson, for plaintiff in error.

Schluter & Singleton, of Jefferson, for defendant in error.

LEVY, J. J. T. Jackson, the appellee, brought this action by writ of habeas corpus to recover possession of his child, a girl of

about 14 years of age. The case was tried before the judge without a jury, and he filed the following findings of fact and conclusions of law:

"(1) I find that Annie R. Jackson was born in February, 1905, in Marion county, Tex., and while she was an infant only two weeks old her mother died, and her grandmother, Mrs. L. A. Dunn, was present at the death of Mrs. J. T. Jackson, her daughter, and that the applicant herein, J. T. Jackson, consented for Mrs. L. A. Dunn to take his infant daughter and care for her, and consented at that time not to retake the custody of the child from its grandmother.

"(2) Mrs. Dunn took the care and custody of Annie Jackson, and cared for her tenderly and well from that time to this date. * * *

"(5) I find that Mrs. L. A. Dunn is of good moral character and an indulgent grandmother, but for the past three years has been practically an invalid, but is now somewhat improved; that she and her husband have separated and are not now living together, but she is living with a single son about 25 years of age, and she and this single son and another son who is working in the oil fields of Louisiana, and a daughter who is married, are very fond and almost passionately attached to Annie Jackson, and that she likewise is very fond of them and does not want to leave them. The grandmother does not oppose Annie going with her father if she wishes to go.

"(6) I find that J. T. Jackson is a man of honorable deportment and integrity, is kind and good to his family, but of a temperament that is not enthusiastically demonstrative in his affections; that he loves his daughter and is able and in all ways a proper person to have the care and custody of his own children; that he is now earning $140 per month. * * *

"(8) I find that in recent years there has become an estrangement from some cause of the child against her father, stepmother, and half-sisters, and that she now bears no more affection for them than if they were rank strangers about whom she knew nothing, and I am unable to determine what the cause is.

"(2) I conclude that the agreement of J. T. Jackson with the grandmother of Annie to never retake the custody of Annie from her grandmother cannot in any way alter, change, or affect the right of J. T. Jackson to the custody of his daughter nor his parental and legal obligations to care for, educate, and maintain her.

"(3) I conclude that the welfare of Annie, according to the law, should be the sole criterion in determining her custody, and unless it is satisfactorily shown to me that the parent is an improper person to have the custody of his child, I conclude that the welfare of the child will be better served by being in the custody of the parent than in the custody of any one else; therefore on the foregoing findings of fact I awarded the custody of Annie Jackson to her father."

The first assignment of error challenges the above finding of fact No. 8. It is concluded that the assignment should be overruled.

The case of State ex rel. Wood v. Deaton,

93 Tex. 243, 54 S. W. 901, has settled the question presented by the second assignment of error.

Judgment affirmed.