## TEMPLETON v. WALKER.

### No. 6113.

Court of Civil Appeals of Texas. Texarkana.

April 4, 1944.

Rehearing Denied April 20, 1944.

**812**

Saye & Saye, of Longview, for appellant.

Hurst & Burke, of Longview, for appellee.

WILLIAMS, Justice.

In this habeas corpus action instituted by appellee, Eugene Walker, against Susie Templeton, the respondent below, the court on final hearing awarded custody of Dorothy Jean Walker, a child, to Eugene Walker, the petitioner. The court found, as recited in the conclusions of law filed, that Eugene Walker was the putative father of Dorothy Jean Walker, and as such has legal right to take charge of and have the complete custody of Dorothy Jean Walker as against the maternal grandmother, Susie Templeton, the respondent; and that there has been a change of conditions in the homes of the respective parties since the final decree was entered in cause No. 16,-778–B, a former habeas corpus action. In the former action which was between the same parties in the same court, the custody of the child was ordered to remain with Susie Templeton and the application of Eugene Walker for custody was denied.

Under the points presented, appellant asserts: (1) That the evidence was insufficient to support the finding that Eugene Walker was the putative father of Dorothy Jean; and (2) if sufficient, the changed conditions as found by the court, were insufficient in law to disturb the judgment in cause No. 16,778–B, that judgment being neither impeached or attacked in the present action.

July 26, 1932, Eugene Walker entered into a ceremonial marriage with Mattie Richardson, and to this marriage Dorothy Jean was born May 11, 1934. Prior to above marriage, probably in 1925, Eugene had married one Naddie Walker, his first wife. In 1931, after Eugene had come to Longview, Texas, Naddie, who continued to live in Louisiana, advised him that she was filing suit for divorce. He, upon her request, signed and sent to her a waiver of citation for divorce, together with $10 as part of the expenses for a divorce. According to his testimony, he learned after he had married Hattie Richardson that no divorce had been granted to Naddie. Upon the representation by the lawyer who had been employed by Naddie to obtain her divorce that the divorce would be procured upon payment of the remainder of the fee, Eugene paid the amount required by the lawyer. On October 7, 1932, less than three months after his marriage to Hattie Richardson, the lawyer filed suit for divorce in a district court of Caddo Parish, Louisiana, against Naddie Walker, together with a waiver of citation executed by Naddie. No final order was had in that cause dissolving the marriage of Eugene and Naddie until September 22, 1943, when "the preliminary judgment by default herein entered on October 19, 1932, be and the same is hereby confirmed and made final." Hattie Walker died shortly after the birth of Dorothy Jean. Thereafter, the date not shown, Eugene married Gertrude Johnson. During the hearing in the previous habeas corpus action Eugene then learned that the lawyer employed by him had not obtained

the divorce from Naddie as promised. It was then that the decree of divorce dated September 22, 1943, was entered. On October 1, 1943, he again married Gertrude Johnson. Eugene testified that when he married Hattie Richardson he believed that Naddie, his first wife, had obtained a divorce, having paid part of the expenses and having signed a waiver of service; and that when he married Gertrude he thought the lawyer to whom he had paid the money had procured the divorce. Further testimony given by Eugene relates to conversation he had with lawyers, the representations made to him, his payments of sums of money and his other actions with respect to correcting his alleged misunderstanding and mix-up. The foregoing represents in brief the evidence upon which the court found that Eugene believed in good faith he had been divorced from Naddie, at the time he married Hattie, the mother of Dorothy Jean. The record is absent any evidence which would connote any illegal or immoral intent on the part of Eugene with respect to his marital relationship with Hattie. When such fact is considered, together with his ceremonial marriage under the evidence herein detailed, we would not be legally warranted in disturbing the finding of the trial court, the trier of the facts. Grounded upon this finding, the court concluded that Eugene was the putative father of Dorothy Jean, as a result of a putative marriage. In this we are in accord.

The trial court found that (1) Eugene Walker had the care and custody of Dorothy Jean approximately two years after her mother died, and since that time the said minor has lived with Susie; (2) that Eugene has never abandoned or given up his claim to Dorothy Jean, or surrendered his rights to her; and (3) that Susie has refused to surrender possession to Eugene. The Hon. Earl Roberts, the trial judge who heard this cause, likewise heard the former. The court found "there has been a change of conditions since the final decree in cause No. 16,778–B, in that the legal impediment of a prior marriage prevented the court's granting the custody of Dorothy Jean in the prior proceedings. * * * However, since the date of the final decree in cause No. 16,-778–B, the said Eugene Walker has secured a judgment dissolving a prior marriage, and thus removing the legal impediment that stood between him and a valid marriage with his present wife; and since this legal impediment has been removed, Eugene Walker has again entered into a ceremonial marriage with Gertrude Johnson; and that he now has a proper and suitable home in which to care for his minor daughter, Dorothy Jean; * * * that she can now be given the care and attention needed in the home of her father, Eugene Walker."

In the disposition of the custody of a child, the prime consideration is the welfare of the minor and in whose custody its best interest will be subserved. Hilliard v. Watson, Tex.Civ.App., 170 S.W.2d 310, writ refused, and authorities there cited. "The custody of the child is by law with the father (the mother being dead), unless it appears by satisfactory evidence that the best interest of the child demands that he should be deprived of that custody, and upon him who so avers devolves the burden of proof,—the presumptions are against it." Weir v. Marley, 99 Mo. 484, 12 S.W. 798, 801, 6 L.R.A. 672; Castro v. Castellonos, Tex.Com.App., 294 S.W. 525; Binion v. Mathis, Tex.Civ.App., 171 S.W.2d 512, 513; Clayton v. Kerbey, Tex.Civ.App., 226 S.W. 1117; Dunn v. Jackson, Tex.Civ.App., 212 S.W. 959; State v. Deaton, 93 Tex. 243, 54 S.W. 901; Garner v. Bowles, Tex. Civ.App., 233 S.W. 300, writ refused; 21 T.J. p. 477. Such rights incident to the custody of a child enjoyed by a parent is likewise applicable to Eugene Walker as the putative father growing out of the putative marriage. 35 Am.Jur. Sec. 52, p. 215; Cameron v. Cameron, Tex.Civ.App., 103 S. W.2d 464; Art. 2581, Vernon's Tex.Ann. Civ.St.

In view of the court's finding that "Eugene now has a proper and suitable home in which Dorothy Jean can be given the care and attention needed", being a fact issue for the trial court and with support in the evidence, we are in accord with the court's action in awarding custody to petitioner premised on the changed condition mentioned above. Under this record the plea of res adjudicata urged is legally untenable. "When the circumstances have changed * * * the prior decree is not dispositive of rights under the changed situation." 21 T.J. p. 479. "The right to the custody of a minor is a question over which courts of equity have jurisdiction, and an order of the district judge in relation thereto is always subject to modification or change upon a proper showing * * *." Hall v. Whipple, Tex.Civ.App., 145 S.W.

308, 310; Smith v. Long, Tex.Civ.App., 181 S.W. 478; Patton v. Shapiro, Tex. Civ.App., 154 S.W. 687; Hardy v. McCulloch, Tex.Civ.App., 286 S.W. 629; Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004.

The judgment will be affirmed.