### LYNCH et al. v. WYATT et ux.
### No. 6192.

Court of Civil Appeals of Texas. Texarkana.
Nov. 23, 1945.

Rehearing Denied Dec. 6, 1945.

Rodgers, Levee, Blalock & Rodgers, of Texarkana, for appellants.

Wheeler & Atchley, of Texarkana, for appellees.

WILLIAMS, Justice.

The District Court of Bowie County, with the Hon. Robert S. Vance presiding, in a decree entered February 10, 1945, granted Marie Wyatt a divorce from her husband, W. P. Wyatt, Jr., and awarded the care, custody and control of Bill and Bob Wyatt, ages 2 and 3, their children, to W. P. Wyatt, Sr., and Bess Wyatt, the grandparents, who had intervened in the divorce suit. The reason for above award is stated in the decree as follows:

"The court having heard the evidence as to the surrounding circumstances of said children, the financial status, character and fitness of the plaintiff herein to contribute to the support of such children, and also the financial status, character and fitness of the intervenor herein to provide support for said children, and to provide the type of environment and supervision requisite to the upbringing of said children, and being of the opinion that the best interest of said children will be served if they are given into the custody of intervenors."

In the instant litigation, filed May 31, 1945, Marie Lynch, formerly Marie Wyatt, joined by her present husband, sought to have above award with respect to the two children changed and their custody and control awarded to her. In support of their pleadings that there has been a change of conditions sufficient to authorize the court to make such change, she plead that since above decree was entered she had married Marshall Lynch; that he had been regularly employed by Bowie County for the past 7 years; owned the home they lived in, some rental property and an automobile; and that petitioners are now well able and capable of providing a suitable home for the children where they would receive a mother's love and care. W. P. Wyatt, Sr., and Bess Wyatt, his wife, appellees here, answered with a general denial and urged that it would be to the best interest of said minors for them to remain in control and custody of intervenors.

On this hearing the District Court of Bowie County, the Hon. N. L. Dalby presiding, found, as recited in the judgment of June 14, 1945, that "from the evidence introduced as to the surrounding circumstances of said children, the financial status, the character and fitness of the petitioners and intervenors, respectively, to properly support said children and to provide the type of environment, home and supervision requisite to the proper rearing of said children," that the best interest of said minors will be served if their custody remains in the intervenors, and accordingly awarded the custody of the two children to intervenors. Other than above recital in the decree, no findings of facts or conclusions of law appear in the record.

It appears from the pleadings that petitioners have confined the alleged change of conditions since the former decree to the mother's financial status at this time. This record does not reflect her financial status at the time of the first hearing but irrespective of that, the quoted extracts from above decrees, both, disclose that the financial status of the respective litigants was not the persuasive or controlling factor in awarding the custody to the grandparents.

On February 10, 1945, Marie was awarded a divorce from her then husband, W. P. Wyatt, Jr., who was then and is now in the United States armed forces, stationed in Europe. Marshall Lynch was divorced from his wife about a year earlier. On March 11, 1945, less than a month after her divorce she married Marshall Lynch. A report and recommendation of the Bowie County Child Welfare Board with respect to the custody of the children was before the District Court of Bowie County when the decree was entered February 10, 1945, awarding the custody of the children to intervenors. The contents of that report is not disclosed here other than that the report and recommendation "was not based solely upon the financial ability of Marie Wyatt and the intervenors to properly support the children." This representative of said welfare board, testifying further in the instant hearing, stated she had visited in the home of intervenors to see how the children were being cared for since the original decree and "found the children to be very adequately cared for. * * * Mr. and Mrs. Wyatt had made some very good plans for the children and seemed to be carrying them out in detail. The children appeared to be well fed and well clothed and they were happy and contented." W. P. Wyatt, Sr., a cotton buyer and live stock grower, resides with his wife on a 100 acre farm they own near New Boston and are financially able to care for the two children. Intervenors are middle aged and have no children in their home other than these two children.

Marshall Lynch has been regularly employed for past 8 years in road work by Bowie County; owns a car; the home he lives in and two tenant houses adjacent thereto. He and his wife are financially able to care for the two children. She and her present husband, and his 12 year old son by his former wife live together in their 3 room residence which according to a witness is equipped with "good furniture, electricity and an ice box." Mrs. Perry, the mother of his first wife, lives within 50 feet of petitioner. No partition fence separates the two homes. His first wife and his child visit in the Perry home. All litigants are members of a New Boston church and intend to enter the two children in Sunday School. Litigants did not attack the reputation of the other, but each, including their respective witnesses testified that all litigants were "good people."

■ Appellants, petitioners below, contend that this record is devoid of any positive disqualification of the mother for the proper discharge of her parental duty to the minors but shows that they enjoy a good reputation and are financially able to

support the children and under such circumstances "the mother had a paramount right to their custody which the trial court was not at liberty to disregard." In support of which they cite State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506; Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241. As stated in Penn v. Abell, Tex.Civ. App., 173 S.W.2d 483, 488: "These cases do not hold that a mother who is a fit and proper person to have the custody of her children of tender years, is, as a matter of law, entitled to such custody. The rule goes no further than that she should be given the preference, other things being equal." Martin v. Martin, Tex.Civ.App., 132 S.W. 2d 426, 428.

■■ The fact that the original decree deprived the mother of the custody and control of the children and awarded such custody to the grandparents is res adjudicata of the fact at that time that it was to the best interests of said minors for the grandparents to have such control and custody. Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426; Conley v. St. Jacques, Tex. Civ.App., 110 S.W.2d 1238. In the instant hearing, the burden was upon petitioners to prove that a change in conditions had arisen since the former decree, such as to require a new decree depriving these grandparents of the custody of the minors. Martin v. Martin, supra; 15 T.J. pp. 680, 681.

■■ "In all controversies involving custody of minor children, the paramount and controlling question and ultimate issue is the welfare and best interest of the children. * * * In the determination of this question, the trial court is vested with a sound discretion, and his judgment will not be disturbed on appeal unless an abuse thereof appears from a great preponderance of the evidence." Penn v. Abell, supra, 173 S.W.2d 483, at page 487, and cases there cited; 25 Am.Jur. Sec. 80, page 204. The fact and circumstances presented under this record will not warrant the conclusion that the trial court abused his discretion when he refused to change the original decree. The two boys as now situated were happy and contented; well fed, clothed and properly cared for. Two sets of children with a step-mother and a step-father in the same home with in-laws near by are not as a usual thing as wholesome for the rearing of a child as in that home where all the occupants are of one blood.

Breathing space and an outlet for the boys' energy as afforded by the farm home of intervenors with the permanence of that home and the care and guidance of those of the one blood as compared to a crowded home in a city or town was presented. The trial court had all these facts and circumstances before him and it is to. be presumed that all fact issues were found in favor of his judgment. Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871, 874; Boyd v. Keystone Driller Co., Tex.Civ.App., 6 S.W.2d 221.

The judgment is affirmed.