### LOVELACE v. WHITE.

No. 6332.

Court of Civil Appeals of Texas. Texarkana.

Feb. 26, 1948.

Rehearing Denied March 4, 1948.

F. B. Caudle, of Mt. Vernon, for appellant.

T. J. Ramey, of Sulphur Springs, and Howard Edwards, of Mt. Vernon, for appellee.

WILLIAMS, Justice.

A decree entered February 24, 1945, in the District Court of Franklin County, dissolved the bonds of matrimony that existed between Hose H. Lovelace and his wife, Ines Lovelace, and awarded the custody of Joe Jean Lovelace and Shirly Dee Lovelace, then about five and three years of age, respectively, their two children, to Mrs. Dessie E. White, the maternal grandmother, for the school term of nine months of each year and to Mrs. Alta Jones, a sister of Hose, the vacation period from June 1st to September 1st of each year. The decree also contained provisions for their support and rights of visitation.

On a hearing of an application of Hose Lovelace, the father, filed in August, 1947, in which he sought to have above decree with respect to custody of the children changed so as to award him possession and custody for nine months or the school period of each year, the court refused to modify such decree with the exception that their custody and possession from June 1 to August 31 of each year was awarded to the father. Mrs. Jones, his sister, entered her appearance but made

no resistance to any order the court might make. With this modification, the original decree in which the grandmother was given custody for the nine month period of each year was to remain in full force, unimpaired.

Applicant pleaded that at the time the original decree was entered he was a member of the air service of the United States, and then without a fixed or permanent home; that since the divorce he has married again and he and his second wife have established a home at San Antonio and are so situated that the children will have an opportunity to attend public schools, and access to the best of medical care and attention from the army medical forces; and that his present wife loves the children and will assist in making a suitable home for them.

According to applicant's testimony, the home he and his wife occupy is rented by them on a monthly basis, being situated about two miles from school; there is a bus that passes by the door and if necessary he could transport them to school in his own car; his army connection entitles him to free medical service for his family; that after completing fourteen years service he had re-entered with intent to make same his life's career; that he is now a second lieutenant serving as engineering officer for an aircraft squadron, and also serving as fire marshal and civilian paymaster for civil service employees. He has reasonable expectation of remaining at his present post for the next twelve months, and has strong reasons for believing that he would remain there for the next nine years or until his retirement from the services. He testified that his wife was healthy and became fond of the children when they visited in their home. She did not testify.

At the time of the present hearing Mrs. Dessie E. White and her husband were maintaining their home on a farm four or five miles out of Mt. Vernon, the same home they had maintained since entry of the original decree. The mother of these children, who resided on this farm with her parents at the time of the original decree, still maintains her home there, re-

turning on week-ends from her public employment. The children have been in school. A bus stops in front of the home and transports them to and from school. We deem it unnecessary to detail any further evidence with respect to the care, treatment and schooling accorded the children by Mrs. White, as applicant has not in any pleading attacked same or alleged a change of condition with respect thereto since the original decree. In his pleadings he does not object to custody being placed in Mrs. White for the vacation period, but wants them for the school term as he thinks they can receive better educational advantages if placed with him for the school term.

■■ The points presented all rest upon the claim of applicant that in the absence of evidence showing that the father was disqualified, his right to the custody of his children was paramount to that of the grandmother, and the court was without legal authority to refuse to modify the decree and grant him the relief sought, citing Templeton v. Walker, Tex.Civ.App., 179 S.W.2d 811, 812; Green v. Green, Tex. Civ.App., 45 S.W.2d 331; Hall v. Whipple, Tex.Civ.App., 145 S.W. 308, 309; Bradley v. Bradley, Tex.Civ.App., 199 S. W.2d 545. "Out of a wealth of decisions dealing with child custody cases, of which, alas, there are all too many, certain principles have been formulated. One of these (as urged by appellant) is that the law recognizes the superior natural right of a parent to the custody and control of his child (between the father and one other than the mother) which right, however, is not an absolute one but one which under some circumstances is subject to judicial review." Fleming v. Honeycutt, Tex.Civ.App., 205 S.W.2d 137, 138; Davis v. Sears, Tex.Com.App., 35 S.W.2d 99. The recognition of above rule reannounced in the authorities cited by appellant as well as those cited in Lynch v. Wyatt, Tex.Civ.App., 191 S.W.2d 499, 501, goes no further than that in a contest between the father or other person other than the wife that he should be given the preference, other things being equal. It is also well settled in Texas that in the disposition of a child the prime consideration "is the welfare of the minor, and in whose custody its best interest will be subserved." Hilliard v. Watson, Tex.Civ. App., 170 S.W.2d 310, 311, w/r, and authorities therein cited.

■ The rule insisted upon by appellant and above rule reannounced in Hilliard v. Watson, supra, may be summed up in the statement taken from 25 Am.Jur. p. 205, namely, the court "is not bound by any mere legal right of a parent but is to give his or her claim to the custody of the child due weight as a claim founded on human nature and generally equitable and just * * * a court is in no case bound to deliver a child into the custody of any claimant or of any person, but should, in the exercise of a sound discretion after a careful consideration of the facts, leave it in such custody as the welfare of the child at the time appears to require." Such judgment as may be rendered in the exercise of sound discretion will not be disturbed on an appeal unless an abuse thereof appears from a great preponderance of the evidence. Penn v. Abell, Tex. Civ.App., 173 S.W.2d 483, and cases cited on page 487.

■ The original decree which deprived the father of the custody and control of the children and awarded such custody to this grandmother for the nine month school term of each year is res adjudicata of the fact at that time that it was to the best interests of these children for the grandmother to have such control and custody. Lynch v. Wyatt, supra, and authorities cited on page 501 of 191 S.W.2d. In the instant hearing, the burden was upon applicant to prove that a change in conditions had arisen since the former decree, such as to warrant the relief now sought by him. 15 T.J. pp. 680, 681; Lynch v. Wyatt, supra.

■ The evidence reflected in this record and the deductions which may be drawn therefrom by a trial court who passed on the question of custody in both trials will not warrant an appellate court to disturb the action of the trial court here presented and hold that appellant had met the required proof and shown a material change of condition sufficient to authorize

a modification of the original decree as prayed for, and that the trial court abused his sound discretion in refusing same. The evidence reflected no change in the surroundings or home atmosphere of the grandmother since the original decree. The sense of security in the minds of these children in this farm home where they have lived with their grandparents and where their mother is provided with the opportunity to shower her love and attention upon them, supports the implied findings that their best interests and welfare would be better served under the decree as entered as compared to changing their custody to the father, under the care and treatment of a step-mother. The knowledge that a member of the army is subject to transfer and the uncertainty of it, and when such a transfer to another base might occur, in which the children would be required to readjust their lives to new school and living conditions as contrasted with the permanency of the home and settled school conditions which were offered and had been furnished by the grandparents, would support the implied finding that the latter conditions would better serve the interest of the children.

The judgment is affirmed.