M. G. STUBBLEFIELD, Appellant,

v.

Shirley HAMPTON et al., Appellees.

No. 13090.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 24, 1956.

John Noyola, Laredo, for appellant.

Roberta Ornelas, McAllen, Eligio de la Garza, II, Mission, R. J. Goodman, County Atty., Laredo, for appellees.

W. O. MURRAY, Chief Justice.

This suit was begun by Earl C. Johnston and wife, Beatriz Floyd Johnston, filing in the District Court of Webb County on January 30, 1956, their petition to adopt two brothers, Jerry Davie Stubblefield, five years of age, and Robert Joseph Stubblefield, three years of age. Prior thereto, on January 12, 1956, Manly G. Stubblefield, father of the two minors, had signed a written consent to have the boys adopted. He made an affidavit that Maria Vela Stubblefield, the mother of the children, had abandoned them. Miss Luz Elida Rivas was appointed to investigate the matter and the cause was set for a hearing on April 5, 1956.

On April 2, 1956, the father filed an answer asking leave to withdraw his consent to the adoption of his two children, which was granted.

On April 5, 1956, Shirley Hampton, Child Welfare Worker of the Texas State Department of Public Welfare, filed a petition to have the two minors declared dependent and neglected children. No citation was issued upon this petition, although the father, Manly G. Stubblefield, was in the courtroom in Webb County at

the time the petition was filed. The trial court announced that this petition and the petition for adoption would be consolidated and heard together. The father objected to the hearing upon the petition to have the children declared dependent and neglected, as he had not been served with citation and was not ready for trial. The court proceeded with the hearing and adjudged the children to be dependent children, severed the parental relation of the parents of said children and turned over such control and custody to Laredo-Webb County Child Welfare Unit, State Department of Public Welfare. Whereupon, Shirley Hampton, as Child Welfare Worker No. 1 and Luz Elida Rivas, as Supervisor No. 3, of the Laredo-Webb County Child Welfare Unit filed a written statement on behalf of such unit, giving consent to the adoption of the two minors.

The trial court then proceeded to a hearing on the adoption proceedings and rendered judgment allowing the adoption of the two minor children by Earl C. Johnston and wife, Beatriz Floyd Johnston.

The court erred in hearing the petition to have the minor declared dependent and neglected children before the father was served with citation and given the time provided by statute. Art. 2332, Vernon's Ann.Civ.Stats. The court also erred in not having the children brought before him, as is required by Art. 2333, Vernon's Ann.Civ.Stats.; Thomson v. Harrell, Tex.Civ.App., 271 S.W.2d 724; Sutter v. Yutz, Tex.Civ.App., 223 S.W.2d 554.

Section 6 of Article 46a, Vernon's Ann. Civ.Stats., provides that no adoption shall be permitted except with the written consent of the living parent or parents of a child. An exception to this rule is provided where the child has been declared to be a dependent or neglected child. Here the father withdrew his written consent to the adoption of his children. He had previously been awarded the custody of the children when he was divorced from their mother. We cannot give effect to the judgment in the proceedings to have the children declared dependent and neglected children, which was filed on the morning of the trial of the adoption proceedings without the issuance of a citation to the father, who was present in the courtroom and stated he was not ready for trial upon the dependency and neglected matter.

The judgment is reversed and the cause remanded.