Frank ROSSON et al., Appellants,

v.

Mary Newby DE ARMAN et vir, Appellees.

No. 7118.

Court of Civil Appeals of Texas.

Texarkana.

March 10, 1959.

Rehearing Denied March 31, 1959.

G. C. Harris, B. J. Pemberton, Green-ville, for appellants.

Allen Clark, Greenville, for appellees.

CHADICK, Chief Justice.

Proceedings to declare a 9-year-old boy a dependent and neglected child and provide for his care by awarding his custody to Frank and Minnie Rosson were instituted by the State of Texas in a District Court of Hunt County. Mary Newby DeArman, the natural mother of the child, and her husband, C. D. DeArman, answered the State's suit and filed cross-action, seeking custody of the child. Frank Rosson and his wife, Minnie Rosson, intervened, generally denied the allegations of the DeArman cross-action, and upon independent grounds sought custody of the child. After a non-jury trial, judgment was entered awarding Mary Newby DeArman custody and denying relief sought in the State's petition and the Rosson's intervention. The State and the Rossons have appealed.

At the request of counsel for the State and the Rossons, the court made and filed the following findings of fact and conclusions of law:

"Findings of Fact

"1. George W. Stephenson and Mary Newby Stephenson were hus-band and wife and were and are the parents of two children, Johnny Frank Stephenson, a boy now 9 years of age, and Donna Sue Stephenson, a girl now 6 years of age.

"2. George W. Stephenson and Mary Newby Stephenson were divorced by judgment of the District Court of Tarrant County, Texas, entered on July 11, 1956, and custody of Johnny Frank Stephenson was awarded to George W. Stephenson and custody of Donna Sue Stephenson was awarded to Mary Newby Stephenson. I further find that George W. Stephenson was required to pay $60.00 per month for child support of the minor daughter, Donna Sue Stephenson by such judgment. That George W. Stephenson has contributed only $180.00 since the divorce to the support of the minor daughter, Donna Sue Stephenson.

"3. Immediately upon the granting of said divorce, the child Johnny Frank Stephenson was placed in the home of the intervenors, Minnie and Frank Rosson by the father, George W. Stephenson.

"4. That Mary Newby Stephenson and C. D. DeArman were married on July the 13, 1956, and said marriage has continued to the date of this trial.

"5. That the intervenor Minnie Rosson is the great aunt of Johnny Frank Stephenson, and the aunt of George W. Stephenson, father of Johnny Frank Stephenson. That the said Johnny Frank Stephenson was placed in the home of the Rossons by his father George W. Stephenson immediately after the divorce. That the mother Mary Newby Stephenson knew said child was placed in the Rosson home and has not visited said child during said period.

"6. That Mary Newby DeArman and husband C. D. DeArman own a nice home in a respectable neighbor-

hood in Fort Worth, Texas, and C. D. DeArman is a good husband, earns approximately $450.00 a month, both parties are in good health, living among good neighbors, and the said Mary Newby DeArman is a proper and fit person to have custody of her child Johnny Frank Stephenson. That no unfitness is shown in the said Mary Newby DeArman.

"7. That during the two years Johnny Frank Stephenson has been in the home of the Rossons he has had good care, has been well fed and clothed, is a regular attendant at church and Sunday School, is a member of the Cub Scouts and Little League Baseball Club, has made good progress in school work and is happy. I further find that the home of the Rossons is clean, adequate and comfortable and has been at all times. The Rossons love the child; they own their own home; it is a proper and suitable place for the child to be reared. No disqualification is shown on the part of the Rossons.

"Conclusions of Law

"1. I conclude that Johnny Frank Stephenson is not a dependent or neglected child by the statutes of the State of Texas.

"2. I conclude that there being no unfitness shown on the part of the natural mother, I have no discretion in the matter, and the custody, care and control of the minor child Johnny Frank Stephenson must be awarded to its mother Mary Newby DeArman."

\* \* \* \* \* \*

"Pursuant to Intervenors' request for additional findings of fact, I now find:

1.

"The child, Johnny Frank Stephenson, was placed in the home of Intervenors Frank and Minnie Rosson on May 10, 1956, the date of separation, instead of the date of divorce.

2.

"No finding as to the Court's discretion, should it be exercised, has been made because of the second conclusion of law, if such a finding is necessary as requested, then I would find that the best interests and future welfare of the child Johnny Frank Stephenson would be best served by awarding his custody and control to Intervenors, if the rights of his natural mother would not preclude a determination of such fact."

The pleadings of appellees DeArman and appellants Rosson in opposition to each other upon the question of care and custody of the child, aside from the State's petition, pled an action for change of custody, each of such parties asserting their fitness for such privilege and obligation and the unsuitableness of the opposing parties. As between these parties, the judgment of the trial court must be reversed and a new trial ordered. For the purpose of this opinion, the trial judge's findings of fact substantially state the facts shown by the evidence and are adopted.

Paragraph 2 of the trial court's conclusions of law shows that he was under the mistaken impression that the facts of this case precluded him from lawfully exercising his judicial discretion in awarding care, custody and control of the minor child and that he acted upon the belief that he was under an inflexible legal duty to award it to its natural mother, Mary Newby De-Arman. Paragraph 2 of the court's additional findings of fact shows conclusively that the trial judge did not exercise his judicial discretion, but acted upon what he believed to be the clear requirement of the law precluding him from determining what the best interest of the child might be and refused to make an award of custody upon the basis of the welfare and best interest of the child.

■ It is not necessary to undertake to harmonize, rationalize, distinguish or overrule the many Texas appellate court cases bearing upon this question presented by the court's findings of fact and conclusions of law. The appellees insist that since the mother was found to be a fit person to have care and custody, the law presumes the child's welfare and best interest will be served by placing him in her custody. Upon the narrow question thus presented, the Supreme Court has in recent years declared the law in Taylor v. Meek, 1955, 154 Tex. 305, 276 S.W.2d 787, 790. In that case the father's Point 1 attacks the trial court's finding that it was to the child's best interest for her to remain with her grandparents. The author of the opinion then says that the point is not well taken unless the law gives the father custody where there is no finding that he is not a fit person therefor. The discussion of the point in the opinion may be applied without change to the facts of this case, there it is said:

"The first judgment at the time it was entered was res adjudicata of the question of the child's best interest and of the custody. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368; Wade v. Shaughnessy, supra [Tex.Civ.App., 231 S.W.2d 494]. So it cannot now be questioned that at the time it was to the best interest of the child to award custody to the grandparents. In determining the question of the child's best interests, there is this difference between the first award of custody and a change of custody. Because a change of custody disrupts the child's living arrangements and the channels of a child's affection, a change should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child. Duckworth v. Thompson, supra [Tex.Com.App., 37 S. W.2d 731], Oldham v. Oldham, Tex.Civ. App.1939, 135 S.W.2d 564, error refus-

ed; Miller v. Banks, supra [Tex.Civ. App., 280 S.W. 301], Cecacci v. Martilli, supra [Tex.Civ.App., 235 S.W. 951]. The paramount right of a natural parent to a child comes from a legal presumption that to be raised by its natural parents is to the child's best interest. This presumption is based upon the natural affection usually flowing from parentage. Clayton v. Kerbey, Tex. Civ.App.1921, 226 S.W. 1117. Although this presumption should be considered by the trial judge in weighing the evidence, it cannot be controlling in the face of a final judgment to the contrary, and, whatever effect such a presumption may have in an original custody action, it cannot control a suit to change custody. In Taylor v. Taylor, supra (Tex.Civ.App., 42 S.W.2d 455, 456), the court said:

"'The presumption is that the best interests of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the respondents prove that the natural parent is disqualified by immorality or misfortune.'"

■ Under the facts of this case, the trial court in awarding custody must consider the best interest and welfare of the child. In addition to Taylor v. Meek, supra, see the following cases cited in that opinion: Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Davis v. Sears, Tex.Com.App. 1931, 35 S.W.2d 99; Greenlaw v. Dilworth, Tex.Com.App., 299 S.W. 875; Castro v. Castellanos, Tex.Com.App.1927, 294 S.W. 525; Neal v. Medcalf, Tex.Civ.App.1951, 244 S.W.2d 666; Lovelace v. White, Tex. Civ.App.1948, 209 S.W.2d 422; Lynch v. Wyatt, Tex.Civ.App.1945, 191 S.W.2d 499; Templeton v. Walker, Tex.Civ.App.1944, 179 S.W.2d 811, wr. ref.; French v. Hux, Tex.Civ.App.1932, 54 S.W.2d 539. In 31 Tex.Jur., Sec. 15, p. 1292, it is said:

"Though there are cases which apparently hold to the contrary, accord-

ing to the best authorities, the mere fact that a father is a suitable custodian does not entitle him as a matter of right if the welfare of the child demands the award of custody to some other person."

■ Turning now to the error in the trial court asserted by the State. Complaint is made that the judgment denying the State's application to declare the child dependent and neglected, finds no support in the evidence; and has insufficient evidence to support it; and, that the judgment is against the overwhelming weight and preponderance of the evidence. In this nonjury trial, questions of fact were for determination by the trial judge and his finding is binding upon this Court. Erwin v. Williams, Tex.Civ.App., 253 S.W.2d 303, wr. ref., n. r. e.; Sutter v. Yutz, Tex.Civ. App., 223 S.W.2d 554, wr. dis.; Nelson v. Clifton, Tex.Civ.App., 202 S.W.2d 471, wr. ref., n. r. e.; Mitchell v. Davis, Tex.Civ. App., 205 S.W.2d 812, 12 A.L.R.2d 1042, wr. ref. The findings show that the mother and father of the child a short time prior to and in contemplation of the divorce, placed the child with Minnie Rosson, a paternal aunt. Mrs. Rosson took the child with the understanding and assurance to its mother that she would take good care of it and look after its welfare. There was no promise by the mother of support shown to have been made in the transaction. The agreement with the father was substantially the same, according to the evidence of the parties.

■ There is no evidence that either the father or the mother were called upon to aid in supporting the child to a greater extent than they did voluntarily. There is no evidence that the mother knew or was advised of any need of the child that was not being supplied. It cannot be said under the facts reflected by this record that there is either "no evidence" or "insufficient evidence" to support the trial judge's finding that the child was not dependent and neglected, nor can it be said that his finding is

contrary to the overwhelming weight and preponderance of the evidence. Sutter v. Yutz, supra; Pettit v. Engelking, Tex.Civ. App., 260 S.W.2d 613, wr. ref., n. r. e.; Voight v. Carlson, Tex.Civ.App., 310 S.W. 2d 588, wr. ref., n. r. e.

■ The record indicates that George W. Stephenson, the father of the minor child, was served with citation in the dependent and neglected child case, but he did not answer or enter an appearance in the case. He, as well as Mrs. DeArman, the child's mother, was not a resident of Hunt County and under the terms of Article 2332, it was not necessary that they be served. Apparently, out of precaution they were served and as previously stated, Mrs. DeArman, joined by her husband, filed an answer and a cross-action. This procedural situation has given the Court some concern but after considering the converse aspects of such cases as DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687; Broome v. Edna Gladney Home, Tex.Civ.App., 295 S.W.2d 266, n. w. h. and Sutter v. Yutz, supra, it is thought that the natural father, George W. Stephenson, was before the court by virtue of service of notice on him and the proceedings in the case were binding upon him even though he was not a resident of Hunt County. Article 2332 is silent as to service upon parents residing outside of the county, but considering the purpose of the dependent or neglected child law, this construction is fair and just because the father has an opportunity to appear and be heard.

In view of our holding that George W. Stephenson was before the court, it must be held that he had notice of the cross-action of the appellees under authority of Minus v. Doyle, 141 Tex. 67, 170 S.W.2d 220; Mitchell v. Gooch, Tex.Civ.App., 210 S.W. 2d 834; and Rule 97, Vernon's Ann.Texas Rules.

■ When the pleadings of the State, the answer and cross-action of the appellees, and the intervention of the Rossons

are considered, the allegations thereof are sufficient to state an action for change of custody on the basis of a material change of condition since the entry of the divorce judgment by the district court of Tarrant County on July 11, 1956, and the trial court was authorized to enter judgment awarding custody of the child upon the pleadings and proof adduced thereunder. This construction of the pleadings is especially warranted in the absence of any objection to the pleadings and the acts of the court and parties in trying the case upon this theory.

However, for the reason pointed out above, as to the Rossons and DeArmans, the case is reversed and remanded to the trial court for retrial and entry of a judgment respecting the custody of the minor child in accordance with the minor's welfare and best interest, as the court may find it to be.

Affirmed in part and reversed and remanded in part.