**Etsel J. HAVRON, Appellant,**

v.

**Ethel Marie HAVRON et al., Appellees.**

**No. 6669.**

Court of Civil Appeals of Texas.

Amarillo.

April 8, 1957.

Rehearing Denied May 13, 1957.

Lumpkin & Watson, Amarillo, for appellant.

Paul Spillman, Wellington, for appellees.

NORTHCUTT, Justice.

On November 3, 1953, Ethel Marie Havron was granted a divorce from Etsel J. Havron. These parties had one child, then about two years of age, namely, James William Havron. In the divorce decree the care and custody of said minor child was awarded to Bonnie Golden, mother of Ethel Marie Havron.

This suit was brought by Etsel J. Havron seeking to recover the full care, custody and control of said minor child and in doing so made Ethel Marie Havron, Bonnie Golden and her husband, Melton Golden, all parties to this action. It is noticed that Ethel Marie Havron did not testify and make any effort to secure the care and custody of the minor in question. On a final hearing herein the trial court found that Etsel J. Havron totally and wholly failed to present to the court sufficient evidence to show a change of condition which would allow the court to change the custody of James William Havron and entered judgment decreeing that James William Havron remain in the care and custody of his grandmother, Mrs. Bonnie Golden. From this judgment Etsel J. Havron perfected this appeal.

We do not believe that a case of this kind could be better discussed than as stated in the case of Meek v. Taylor, Tex. Civ.App., 269 S.W.2d 545 at page 547 and the cases there cited where it is stated:

"In such a case as was instituted by the appellant, it is the burden of a parent seeking custody of his minor child to show a change of conditions such as would require modification of the prior decree if the best interests of the child are not to be injuriously affected. Neal v. Medcalf, Tex.Civ.App. El Paso 1951, 244 S.W.2d 666; Lynch v. Wyatt, Tex.Civ.App. Texarkana 1945, 191 S. W.2d 499; Lovelace v. White, Tex.Civ.

App. Texarkana 1948, 209 S.W.2d 422. The child's best interests are injuriously affected whenever they are not best served. It is to be presumed that it is to the best interest of the child that its parent have its custody unless it is affirmatively demonstrated that the best interests of the child require that the parent be deprived of its custody. 23 Tex.Jur., p. 710, sec. 16; Greenlaw v. Dilworth, Tex.Com.App.1927, 299 S. W. 875, reversing, Tex.Civ.App., 291 S.W. 331; Luman v. Luman, Tex.Civ. App. Texarkana 1950, 231 S.W.2d 555; Binion v. Mathis, Tex.Civ.App. Amarillo 1943, 171 S.W.2d 512; Sawyer v. Bezner, Tex.Civ.App. Amarillo 1947, 204 S.W.2d 19, error ref., n. r. e.

"It is not every change in condition which takes place which justifies modification of a prior decree. What must the parent prove to discharge the burden incumbent upon him besides the fact of parentage? We believe that it is sufficient to show any change of circumstances demonstrative of the parent's improved condition or fitness as a custodian, any change of circumstances demonstrative of the fact that the other person is less well fitted or situated as custodian, or any change of circumstances relating to the existing custody which is injurious to the best interest of the child. Proof of any one of these three elements establishes prima facie the parent's right of custody. French v. Hux, Tex.Civ.App. Waco 1932, 54 S.W.2d 539, error refused; see cases cited under 15 Tex. Jur., p. 675, sec. 170, and p. 679, sec. 172, and under 31 Tex.Jur., p. 1296 et seq., sec. 19 et seq., and in Vol. 29–A, Tex.Digest, [Parent and Child, ☜1, et seq.] p. 124 et seq.

"When a parent in a suit of this character has established any one of such elements by competent proof, he has reopened the case and the presumptions of law then exist as they would have existed had there been no former decree placing custody of the child in any other person.

"The fact that a former decree placed custody of a minor child in a person other than the parent is res adjudicata only of the fact that the best interests of the child at the time of the former decree were served by its entry. It is not res adjudicata of such fact at any subsequent time. Wilson v. Elliott, 1903, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, 97 Am.St.Rep. 928.

"The presumptions of law existent once the parent seeking custody has discharged his burden of proof are the same presumptions which would obtain had there never been such a prior decree, or had the custody of the minor child never been in any other person. The presumption is that the best interests of the minor child are best served through its custody in its parent. That presumption shall persist unless and until the contrary is shown. 23 Tex.Jur., p. 710, sec. 16; State ex rel. Wood v. Deaton, 1900, 93 Tex. 243, 54 S.W. 901; Clayton v. Kerbey, Tex.Civ.App. Austin 1920, 226 S.W. 1117, error refused; Brooks v. De Witt, Tex.Civ.App. San Antonio 1944, 178 S.W.2d 718, reversed in 143 Tex. 122, 182 S.W.2d 687, certiorari denied 325 U.S. 862, 65 S.Ct. 1196, 89 L.Ed. 1983; Sawyer v. Bezner, supra. The burden of showing the contrary is upon the party who seeks to deprive the parent of custody. He must affirmatively demonstrate that the best interests of the child require that the parent be deprived of the custody, Clayton v. Kerbey, supra; State ex rel. Wood v. Deaton, supra; or he must prove that his continued custody best subserves the welfare of the child. Hustace v. Black, Tex.Civ.App. El Paso 1945, 191 S.W.2d 82. He must affirmatively prove that the parent is unfit to have custody or is disqualified to have custody or that the best interests of the child demand that the parent be deprived of the custody. 31 Tex.

Jur., p. 1297, sec. 21, and p. 1298, sec. 23; Fox v. Fox, Tex.Civ.App. Fort Worth 1948, 210 S.W.2d 622; Supreme Court's decision in De Witt v. Brooks, supra; Davis v. Sears, Tex. Com.App.1931, 35 S.W.2d 99. In proving the last element it is not sufficient for such a party to prove that he is best fitted to have custody by virtue of his station in life or greater financial resources, that the child has more convenient or luxurious quarters or care and attention, etc., but he must prove some circumstance affirmatively requiring the deprivation of the parent's custody, such as the fact that the child would be harmed, physically, mentally or morally, were its custody given to the parent, or some circumstance which would affirmatively demonstrate that there would be a lack of solicitude for the welfare of the child were it given to the parent rather than the party seeking custody, such as to indicate absence of natural affection for the child from the parent, which the child would receive were its custody not disturbed. Clayton v. Kerbey, supra.

"The trial judge in such a case may become vested with broad discretionary powers but by the requisites of the rules of law in such cases the trial court does not become vested with discretion unless the prima facie case made out by the parent in proving one or more of the three elements whereby his right to custody is prima facie established is rebutted in relation to whatever element or elements the parent proved in establishing the change of condition,— or unless such person discharged his burden to prove the unfitness or disqualification of the parent, or that the best interests of the child require that the parent be deprived of custody. State ex rel. Wood v. Deaton, supra."

We realize that the Meek v. Taylor case has been reversed by the Supreme Court for other reasons not shown in this record, and we do not question that decision; but do not believe that the facts in this case come within that holding. As a general rule, parents have a natural and legal right to custody of their minor child. This right, however, is merely a prima facie and not an absolute right nor is it a property right.

At the time the original divorce was granted and the custody of the child was given to Mrs. Golden, appellant was expecting to be called into the military service and was called into the service. Immediately after being discharged from the service he secured a good job where he has been steadily employed for several years and is making about $425 per month. He did not have a home at the time of the divorce but has since purchased a modern three-bedroom home where he is living with his wife and their two children, together with her two children by a former marriage. Ethel Marie Havron has never remarried but about twenty months after her divorce from appellant she gave birth to another baby and that baby is also in the care and custody of Mrs. Golden. There was no criticism whatever as to Mrs. Golden and from this record we do not find one thing against her or the way she is taking care of the child in question but it is undisputed that Mr. Golden drinks to excess. There was no evidence offered as to why Mr. Havron was not a fit person to have the care and custody of his own child but on the contrary he was shown to be a fit and proper person. We think it unnecessary to discuss the things this child would be faced with in later life if reared under the present situation and believe conditions have changed and the best interest of the child would be best served if given to its father. We think the trial court erred in holding that appellant failed to present sufficient evidence to show a change of condition which would allow the court to change the custody of James William Havron.

Judgment of the trial court is reversed and judgment is here rendered decreeing

that the care, custody and control of the minor child, James William Havron, be given to his father, Etsel J. Havron, appellant herein. It is further decreed that the mother, Ethel Marie Havron, shall have the right to visit said minor child, James William Havron, at reasonable times.