Ruby MECKLIN et vir, Appellants,

v.

Mrs. Mary HERNDON et vir, Appellees.

No. 7137.

Court of Civil Appeals of Texas.

Texarkana.

June 23, 1959.

Rehearing Denied July 21, 1959.

William B. Henley, Jr., Dallas, for appellants.

Ross Hardin, Dallas, for appellees.

PER CURIAM.

Plaintiffs-appellants Ruby Mecklin and husband, James M. Mecklin, filed suit in the Juvenile Court of Dallas County for the custody of the two minor children of Ruby Mecklin by a former marriage, against defendants-appellees, Mrs. Mary Herndon and husband, J. A. Herndon. Prior to the filing of this suit, Ruby Mecklin was married to John Aley Herndon and their marriage ended in divorce in the District Court of Dallas County on August 27, 1955. At the time of the divorce, the two small minor children of Ruby and John Aley Herndon were temporarily awarded to the paternal grandmother, appellee herein. Also at the time of the divorce, the father of the children was found not to be a suitable person to have the care, custody and control of the children. Appellant Ruby Mecklin was found to be a fit person to have the care, custody and control of the children, but for some reason the temporary care was given to their grandmother. In the judgment of divorce Ruby Herndon, now Ruby Mecklin, was ordered to pay $20 per month into the registry of the court for the support of the said children; and the father of the children was ordered to pay $70 per month out of his veteran's pension.

Since the divorce was granted, appellant Ruby Mecklin has re-married, they have bought a home in Lubbock with three bedrooms and two full baths. She is still working, and her husband is also employed with the same employer with whom he has been for the last 14 years.

Suit was based upon change in conditions since the divorce was granted, and we think a definite change of condition has been shown. Mrs. Mecklin was married to Mr. Mecklin in April of 1958. They moved to Lubbock around the first of May. On June 19th they bought the home into which they have moved. There is nothing in the record to show anything wrong with the character or fitness of Mrs. Mecklin, or her husband, for that matter, to have the custody of her children. They attend church and Sunday School regularly and everything points them out to be of the highest type of people.

As to the condition of the appellees, Mrs. Mary Herndon weighs about 250 pounds, had some condition wrong with her heart since the divorce trial between Mrs. Mecklin and her former husband, and takes chiropractic treatments for a condition of her back. Mr. Herndon is a retired railroad man, aged 67 years and was retired because of a bronchial disorder. They have bought a house and an acre of land upon which they now live, and the father of the children has moved in with them. The father occupied two rooms in the back of the house and Mr. and Mrs. Herndon and the children occupy the front of the house where there is only one bedroom; and according to Mrs. Herndon's testimony, the boys sleep in a double-decker bed in the bedroom and that she or Mr. Herndon sleeps in the same room with them. Their father has remarried and separated since the divorce was granted, and he is a total invalid; has to take "dope" or drink something at all times.

In the trial of the case, appellees offered proof by a paternal uncle that he, the uncle, would contribute to the support of the children if it became necessary. Although the evidence was excluded, it shows a lack of assurance on the part of Mr. and Mrs. Herndon to be sure of their support.

At the time the petition was presented to the judge, he appointed the Hon. Sam Davis to make an investigation and report to him as to his findings. At the same time, the Welfare Department was contacted at Lubbock for a report on Mr. and Mrs. Mecklin. The report was filed and favorably recommended Mr. and Mrs. Mecklin to have the custody of the children.

Mr. Mecklin had previously been married and has three children of his own and contributes to their support each month. His children live with his former wife in Dallas and are expected to so remain.

We cannot hold otherwise than that the record in this case shows a change in conditions since the temporary order awarding custody of the children to Mrs. Herndon has taken place and that the trial court abused his discretion in holding that the best interests of these children would be best served by awarding them to the paternal grandparents. In the case of Beasley v. Beasley, Tex.Civ.App., 304 S.W.2d 158, wr. ref., n. r. e., the Dallas Court of Civil Appeals held that on a similar fact situation as in the case at bar a divorced wife's proceeding to change the custody of children from paternal grandparents should be awarded to the mother if she be a fit and proper person to have them. This is uniformly the rule in the absence of unusual circumstances and has been consistently applied by the Texas courts. Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426; Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506; McCarroll v. Lakey, Tex.Civ.App., 157 S.W.2d 963, wr. ref., w. o. m.; Murphey v. Walker, Tex.Civ.App., 209 S.W.2d 371; Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124, wr. dis.; McRae v. Lamb, Tex.Civ.App., 233 S.W.2d 193; Canning v. Canning, Tex.Civ. App., 237 S.W.2d 1019; Bronner v. Bronner, Tex.Civ.App., 267 S.W.2d 577.

In the case of Havron v. Havron, Tex. Civ.App., 301 S.W.2d 949, there is an excellent discussion of the questions involved in this case and many excellent authorities are cited.

We hold that the trial court abused his discretion in holding that no change of conditions existed since the divorce proceed-

ings; that the mother should have the permanent right to the care, custody and control of the children. The two points of error brought forward by appellants should be sustained and the judgment of the trial court is reversed and judgment is here rendered to award Mrs. Mecklin the care, custody and control of the children.

This does not mean to take away from the children the amount awarded to them from their father and such sums of money shall be continued to be paid into the registry of the court for the support of said children.

It is so ordered.

Reversed and rendered.