**Emily GRIMES et vir, Appellants,**

**v.**

**Barbara Jean KNOWLES et al., Appellees.**

**No. 377.**

Court of Civil Appeals of Texas.

Tyler.

July 11, 1968.

Rehearing Denied Sept. 19, 1968.

Fike, Hunter & Schultz, William Hunter and King Fike, Dalhart, for appellants.

John A. Courtney, Mobile, Ala., for appellees.

DUNAGAN, Chief Justice.

This is a child custody suit. The suit was instituted by Emily Grimes, joined pro forma by her husband, Johnny Grimes, against Barbara Jean Knowles and husband, Jerry Knowles, and Billy Joe Sewell, for the custody of Christina Maria Sewell. Defendant, Billy Joe Sewell, did not file an answer and he is not a party to this appeal. Hereafter, Mrs. Grimes will be referred

to as appellant and Mr. and Mrs. Knowles as appellees.

Appellant, Emily Grimes, was formerly married to Billy Joe Sewell and born to that union on April 30, 1960, was Christina Maria Sewell, a girl. Appellee, Barbara Jean Knowles, is a sister of Billy Joe Sewell.

The evidence shows that appellant, Emily Grimes, was divorced from Billy Joe Sewell, the father of the child here involved in this controversy, in San Diego, California. By the terms and provisions of such divorce decree, Christina Maria was awarded to the appellant. Shortly after such divorce the appellant permitted Christina Maria to visit with her father in California. The child was never returned to the appellant but was later found to be in the home of the appellees in Mobile, Alabama. In 1963 appellant filed a petition in the Circuit Court of Mobile County, Alabama, seeking to obtain the custody of such child from the appellees. The petition was set for hearing and appellees failed to appear for such hearing and failed to produce Christina Maria.

When appellees failed to appear, the court entered an order giving custody of said child to appellant, but appellant was unable to locate said child.

For two years appellant searched for said child in an effort to enforce such judgment. In 1966 appellant located appellees and Christina Maria in Alabama and obtained an ex parte order from the judge of the Circuit Court in Equity at Mobile, Alabama, directing that such child be delivered to appellant. Pursuant to said order, appellant, with the aid of the Sheriff, obtained the custody of Christina Maria and returned to Texas.

Thereafter, appellees filed a motion with the Circuit Court of Mobile County, Alabama, requesting a recision of the court's ex parte instanta order and a setting of the matter for hearing. Notice of hearing on said motion was by certified mail served upon the appellants in this case. The Grimes failed to appear and the court did rescind its former order and awarded custody to the appellees. By said order, the Sheriff of any jurisdiction where the child may be found was directed to take possession of said child and deliver her to the appellees in this case. The appellees went to Dalhart, Texas, armed with that order and decree, but were unable to have the same served upon the child, but found the child in school and without the consent or knowledge of the appellant took the child back to Alabama.

This prompted the filing on November 7, 1966, by the appellant in the Circuit Court of Mobile, Alabama, of a motion to modify the former decree and requested a full hearing thereon. The motion was set for hearing on January 17, 1967, at which time all parties and their attorneys being present before the court a hearing was held. After two days of hearing on the motion, the court entered a decree on January 18, 1967, awarding custody of Christina Maria to the appellees for the remainder of the school year and to the appellant, Emily Grimes, for the duration of the summer of 1967, at which time the child should be returned to the appellees.

While the child was visiting with her mother and step-father in Dalhart, her mother, the appellant, filed a petition in the District Court of Dalhart for custody, alleging material changes of circumstances and conditions, which would be to the best interest and welfare of the child. After a full hearing with all parties and their counsel present, the court entered its decree ordering that the terms of the judgment of the Alabama court be abided by by all parties and ordering the child to be delivered forthwith to the custody of the appellees.

From this judgment appellants have appealed.

Appellant in her first point of error asserts that "The trial court erred in refusing to award the care, custody and control of

Christina Marie Sewell to appellant, her natural mother, when the uncontroverted evidence and stipulations and admissions prove as a matter of law that the best interest and welfare of such child would be served by awarding the custody of said child to appellant."

In her second point of error, she asserts that "The trial court erred in giving full faith and credit to the January, 1967, order of the Alabama court because such order is not a final order and not entitled to full faith and credit."

In her third point of error, the appellant contends that "The trial court erred in holding that appellant failed to prove material changes of conditions since the 1967 Alabama court order such as to warrant the court in changing custody of Christina Marie Sewell."

■ The trial court by its findings in the judgment found that the Alabama judgment of January 18, 1967, awarding the custody and care of Christina Maria to the appellees is a valid judgment and is entitled to full faith and credit by the court. We sustain this finding of the trial court.

The trial court in its judgment further found that the appellant had failed to prove her allegations of material changes in conditions since the rendition of the January 18, 1967 judgment of the court in Alabama such as to warrant the court in changing custody of the child.

The trial court did not file any formal findings of fact or conclusions of law. The record consists of a Transcript and Statement of Facts.

The sole remaining question for this court to determine is whether or not the evidence is sufficient to show that there has been material changes in the circumstances and conditions from the rendition of the 1967 judgment in Alabama until the hearing in the case at bar in September of 1967 that would warrant a change of custody.

Upon trial of this case, counsel for appellees made the following stipulations:

"I will even go further and admit these (appellant and husband) are good parents, Judge, I don't have any objection to that.

\* \* \* \* \* \*

"I will stipulate for the record for the sake of expediency and time that the child is a happy child, and is an adjusted child and probably is from the testimony that we have heard so far, adjusted to the home as any child of the same age would and that it is happy and that the home is a good home and the parent and stepparent are good parents and have the best interest and welfare of the child at heart. I have no objection to stipulating that."

■ In this state, on the original hearing of custody of a child, the parents have a paramount right to the custody of their child as against all other persons unless they are legally unfit to have custody. Luman v. Luman, 231 S.W.2d 555 (Tex.Civ. App., Texarkana, 1950, n. w. h.); 20 Tex. Jur.2d 649, Sec. 323; State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901 (Tex. Sup., 1900); Gallagher v. Die, 260 S.W.2d 128 (Tex.Civ.App., Waco, 1953, n. w. h.); Fox v. Fox, 210 S.W.2d 622, 624 (Tex.Civ. App., Fort Worth, 1948).

■ No proof of the Alabama law of paramount legal rights of parents to the custody of their child against all other persons was introduced on the trial, nor was the court requested to take judicial notice of that law as permitted by Rule 184a, Texas Rules of Civil Procedure. The Alabama law, therefore, is presumed to be the same as the law in this state. Ogletree v. Crates, 363 S.W.2d 431, 435 (Tex.Sup., 1963.)

The Court of Civil Appeals in Mecklin v. Herndon, Tev.Civ.App., 325 S.W.2d 824, said:

" \* \* \* In the case of Beasley v. Beasley, Tex.Civ.App., 304 S.W.2d 158,

wr. ref., n. r. e., the Dallas Court of Civil Appeals held that on a similar fact situation as in the case at bar a divorced wife's proceeding to change the custody of children from paternal grandparents should be awarded to the mother if she be a fit and proper person to have them. This is uniformly the rule in the absence of unusual circumstances and has been consistently applied by the Texas courts. * * * "

■ It has been repeatedly held in this state that a child of tender years should be with the mother if she is at all a fit person therefor. Beasley v. Beasley, 304 S.W.2d 158, 161 (Tex.Civ.App., Dallas, 1957, writ ref., n. r. e.).

■ Considering the fact that appellees admitted and stipulated that appellant and her husband are good parents; that the child is a happy child and is an adjusted child and is as adjusted to the home as any child the same age would be; that the home is a good home and the parent and step-parent are good parents and have the best interest and welfare of the child at heart; and presuming the law of Alabama to be the same as in Texas, it must be concluded that the facts which prompted the Alabama court to refuse to award the custody of the minor child to its mother and award its custody to outsiders (appellees) were different at that time, as the conditions shown must have been such that the mother (appellant) was legally unfit to have the custody, care and control of her child and it would not be to the best interest and welfare of the child. There is nothing in the record to show upon what conditions the Alabama court based its judgment in awarding the custody of this child to outsiders rather than to her natural mother, the appellant in this case. If the same conditions as to the mother's fitness to have the custody of her child existed at the time of the Alabama judgment as was shown to have existed at the time of the trial of this case, it is inconceivable that the court would have rendered the judgment that it

did. Consequently, the stipulated facts and the uncontroverted evidence clearly shows the circumstances and conditions have, in fact, materially changed so as to warrant an award of the custody of the child to appellant. The undisputed evidence and admission now shows appellant to be legally fit to have the custody of her child and the best interest and welfare of the child would be served thereby. This child is of the tender age of 8 years of age and should be with its mother unless she is unfit, which the appellees have stipulated she is not, or it is not for her best interest and welfare. The appellees offered no testimony upon the trial of this cause.

■ It has been held in this state by our Supreme Court that the Texas courts will give full faith and credit to a child custody decree of a sister state and will not order a change of custody in the absence of proof of subsequent material change of conditions; but proof of material change of conditions since entry of decree in sister state will support change of custody if such be for the best interest of child. Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.Sup., 1966).

■ The custody award to appellees being res judicata of the best interest of the child at the time of the entry of the Alabama judgment, Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, we must determine from the evidence if a change of conditions has been shown and if such conditions warrant a change of custody. That determination is to be made by a consideration of what is for the best interest of the child. Oldham v. Oldham, 135 S.W.2d 564, 568 (Tex.Civ.App., Dallas, 1940, writ ref.).

In order to obtain a change or modification of the custody order of January, 1967, it was necessary for appellant to plead and prove a change in conditions which would make it to the best interest of the child to change or modify the custody order. Leaverton v. Leaverton, 417 S.W.2d 82 (Tex. Civ.App., Dallas, 1967, writ ref., n. r. e.).

The evidence reflects that the child is living in the home of appellant and her hus-

band and has been since about June 1, 1967, with a half-brother, a half-sister and a step-brother. The child is attending school in Dalhart. She also attends Sunday school and church there. Therefore, we do not have a situation where a change of custody would disrupt the child's living arrangements and the channels of the child's affection. To the contrary, such disruption would occur only if the child is returned to her aunt and uncle in Alabama. Actually, a change of custody in this case would require nothing more than a judicial decree as there would be no physical change affecting the child's living arrangements or her channels of affection.

This child came into the possession of the appellees in the summer of 1962 while they were residing in California, apparently without the consent or knowledge of appellant. Later appellees moved to Alabama and took the child with them. The appellant instituted proceedings in the proper court in Alabama in 1963 in an effort to obtain the custody of this child and almost ever since she has been in a court battle for the physical or legal custody of her child. Two years of that time she did not know the whereabouts of the child. We think this record reflects appellant's love for and interest in her child.

In the case of Havron v. Havron, 301 S.W.2d 949 (Tex.Civ.App., Amarillo, 1957, n. w. h.), which is a case very similar to the case before us, the court said:

"We do not believe that a case of this kind could be better discussed than as stated in the case of Meek v. Taylor, Tex.Civ. App., 269 S.W.2d 545 at page 547 and the cases there cited where it is stated:

" 'In such a case as was instituted by the appellant, it is the burden of a parent seeking custody of his minor child to show a change of conditions such as would require modification of the prior decree if the best interests of the child are not to be injuriously affected. Neal v. Medcalf, Tex.Civ. App. El Paso 1951, 244 S.W.2d 666; Lynch v. Wyatt, Tex.Civ.App. Texarkana 1945,

191 S.W.2d 499; Lovelace v. White, Tex. Civ.App. Texarkana 1948, 209 S.W.2d 422. The child's best interests are injuriously affected whenever they are not best served. It is to be presumed that it is to the best interest of the child that its parent have its custody unless it is affirmatively demonstrated that the best interests of the child require that the parent be deprived of its custody. 23 Tex.Jur., p. 710, sec. 16; Greenlaw v. Dilworth, Tex.Com.App.1927, 299 S.W. 875, reversing, Tex.Civ.App., 291 S.W. 331; Luman v. Luman, Tex.Civ.App. Texarkana 1950, 231 S.W.2d 555; Binion v. Mathis, Tex.Civ.App. Amarillo 1943, 171 S.W.2d 512; Sawyer v. Bezner, Tex.Civ. App. Amarillo 1947, 204 S.W.2d 19, error ref., n. r. e.

" 'It is not every change in condition which takes place which justifies modification of a prior decree. What must the parent prove to discharge the burden incumbent upon him besides the fact of parentage? We believe that it is sufficient to show any change of circumstances demonstrative of the parent's improved condition or fitness as a custodian, any change of circumstances demonstrative of the fact that the other person is less well fitted or situated as custodian, or any change of circumstances relating to the existing custody which is injurious to the best interest of the child. Proof of any one of these three elements establishes prima facie the parent's right of custody. French v. Hux, Tex.Civ.App. Waco 1932, 54 S.W.2d 539, error refused; see cases cited under 15 Tex.Jur., p. 675, sec. 170, and p. 679, sec. 172, and under 31 Tex. Jur., p. 1296 et seq., sec. 19 et seq., and in Vol. 29–A, Tex.Digest, [Parent and Child, ▮ et seq.] p. 124 et seq.

" 'When a parent in a suit of this character has established any one of such elements by competent proof, he has reopened the case and the presumptions of law then exist as they would have existed had there been no former decree placing custody of the child in any other person.

" 'The fact that a former decree placed custody of a minor child in a person other

than the parent is res adjudicata only of the fact that the best interests of the child at the time of the former decree were served by its entry. It is not res adjudicata of such fact at any subsequent time. Wilson v. Elliott, 1903, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, 97 Am.St.Rep. 928.

" 'The presumptions of law existent once the parent seeking custody has discharged his burden of proof are the same presumptions which would obtain had there never been such a prior decree, or had the custody of the minor child never been in any other person. The presumption is that the best interests of the minor child are best served through its custody in its parent. That presumption shall persist unless and until the contrary is shown. 23 Tex.Jur., p. 710, sec. 16; State ex rel. Wood v. Deaton, 1900, 93 Tex. 243, 54 S.W. 901; Clayton v. Kerbey, Tex.Civ.App. Austin 1920, 226 S.W. 1117, error refused; Brooks v. DeWitt, Tex.Civ. App. San Antonio 1944, 178 S.W.2d 718, reversed in 143 Tex. 122, 182 S.W.2d 687, certiorari denied 325 U.S. 862, 65 S.Ct. 1196, 89 L.Ed. 1983; Sawyer v. Bezner, supra. The burden of showing the contrary is upon the party who seeks to deprive the parent of custody. He must affirmatively demonstrate that the best interests of the child require that the parent be deprived of the custody, Clayton v. Kerbey, supra; State ex rel. Wood v. Deaton, supra; or he must prove that his continued custody best subserves the welfare of the child. Hustace v. Black, Tex.Civ.App. El Paso 1945, 191 S.W.2d 82. He must affirmatively prove that the parent is unfit to have custody or is disqualified to have custody or that the best interests of the child demand that the parent be deprived of the custody. 31 Tex. Jur., p. 1297, sec. 21, and p. 1298, sec. 23; Fox v. Fox, Tex.Civ.App. Fort Worth 1948, 210 S.W.2d 622; Supreme Court's decision in DeWitt v. Brooks, supra; Davis v. Sears, Tex.Com.App.1931, 35 S.W.2d 99. In proving the last element it is not sufficient for such a party to prove that he is best fitted to have custody by virtue of his station in life or greater financial resources, that the child has more convenient or luxurious quarters or care and attention, etc., but he must prove some circumstance affirmatively requiring the deprivation of the parent's custody, such as the fact that the child would be harmed, physically, mentally or morally, were its custody given to the parent, or some circumstance which would affirmatively demonstrate that there would be a lack of solicitude for the welfare of the child were it given to the parent rather than the party seeking custody, such as to indicate absence of natural affection for the child from the parent, which the child would receive were its custody not disturbed. Clayton v. Kerbey, supra.

" 'The trial judge in such a case may become vested with broad discretionary powers but by the requisites of the rules of law in such cases the trial court does not become vested with discretion unless the prima facie case made out by the parent in proving one or more of the three elements whereby his right to custody is prima facie established is rebutted in relation to whatever element or elements the parent proved in establishing the change of condition,—or unless such person discharged his burden to prove the unfitness or disqualification of the parent, or that the best interests of the child require that the parent be deprived of custody. State ex rel. Wood v. Deaton, supra.' "

We realize that the Meek v. Taylor case has been reversed by the Supreme Court for other reasons which we will not enumerate here, and we do not question that decision; but we do not believe that the facts in this case come within that holding.

When it was shown that a material change of conditions had occurred since the rendition of the 1967 Alabama judgment, a new and independent cause of action came into being, Oldham v. Oldham, supra, then the best interest of the child as shown by the evidence became the controlling consideration, Cox v. Young, 405 S.W.2d 430, 431 (Tex.Civ.App., Eastland, 1966, n. r. e.), and

the appellees had the burden of proving that the best interest of the child would be better served by awarding the custody of the child to them. Herrera v. Herrera, 409 S.W.2d 395 (S.Ct., 1966). Appellees did not offer such evidence. They relied solely on the contention there had been no material change of conditions.

Under the state of the record, we must hold that no issue of fact was presented on this question and therefore the uncontroverted evidence and stipulations and admissions of appellees prove, as a matter of law, that the best interest and welfare of the child would be served by awarding the custody, care and control to appellant, her natural mother. It is noted that the judgment contained no finding as to the best interest and welfare of the child. The court predicated its judgment entirely on the finding therein that there had not been shown a material change of conditions to warrant a change of custody.

Not only was there no evidence offered that Mrs. Grimes was not a fit person to have the care and custody of her own child, but on the contrary, she was shown to be a fit and proper person and further appellees admitted such in their stipulations before the court. Having held that a material change of conditions has been shown, under the evidence and particularly the stipulations in this case, we think the undisputed facts show that the best interest of the child would be best served if custody was given to the mother. We think the trial court erred in holding that appellant failed to present sufficient evidence to show a change of conditions which would allow the court to change the custody of Christina Maria Sewell.

In view of our disposition of this appeal, it is unnecessary to consider appellant's fourth point of error.

Judgment of the trial court is reversed and judgment is here rendered decreeing that the care, custody and control of the minor child, Christina Maria Sewell, be awarded to her mother, Emily Grimes, appellant herein.

Reversed and rendered.