993 S.W.2d 887 (1999)
In the Interest of V.L.K.
No. 2-98-102-CV.
Court of Appeals of Texas, Fort Worth.
June 10, 1999.
Rehearing Overruled July 15, 1999.
*888 John D. Nation, Dallas, for Appellant.
John A. Clark, Arlington, for Appellee.
Panel A: CAYCE, C.J.; DAY and RICHARDS, JJ.

OPINION
SAM J. DAY JUSTICE
We withdraw our opinion and judgment of June 3, 1999, and substitute the following in its place.
This is an appeal from a suit modifying the conservatorship of V.L.K., a minor. The jury appointed James and Medina Hicks, V.L.K.'s paternal aunt and uncle, as managing conservators and appointed Leigh Ann Kilgore, the child's mother, as possessory conservator. On appeal, Kilgore contends that the trial court erred in instructing the jury that there is no presumption that it is in the best interest of the child for a parent to be appointed as *889 managing conservator if there has previously been an order of custody awarding conservatorship to a third party, and that this error was harmful. We agree that this was reversible error, and reverse and remand for a new trial.[1]

BACKGROUND
On September 16, 1994, when V.L.K. was fourteen months old, Kilgore shot and killed V.L.K.'s father. Kilgore was charged with murder and was released after posting bond. Her bond was later revoked and Kilgore spent February 18, 1995 to March 21, 1995 in jail. During this time, V.L.K. stayed with Donna and Rick Chabot, Kilgore's sister and brother-in-law. Upon her release, Kilgore reassumed primary care of V.L.K. In August 1995, Kilgore returned to jail to await trial, which was originally scheduled in January 1996. At the beginning of that period, Donna made arrangements for V.L.K. to stay with the Hickses for about six weeks while the Chabots' new home was being completed. During that time, the Chabots discovered that Rick was seriously ill. The Hickses agreed to keep V.L.K. while the Chabots sought medical treatment for Rick in Denver. Meanwhile, Kilgore's trial was reset for May 1996.
Fearing that the Hickses would try to obtain permanent custody of V.L.K., Kilgore signed an agreed decree on January 9, 1996 appointing her mother, Jean Christiansen, as managing conservator of V.L.K. and designating herself as possessory conservator. Even with this change in conservatorship, however, V.L.K. remained in the Hickses' care with the apparent consent of Christiansen and Kilgore.[2] In April 1996, after the Hickses became aware of the agreed decree, they filed a motion to modify requesting that they be appointed joint managing conservators. Kilgore subsequently filed a cross-petition requesting that the January 1996 decree be modified to appoint her as V.L.K.'s sole managing conservator. Christiansen filed an answer requesting that either Kilgore or Donna Chabot be named sole managing conservator.[3]
At a pre-trial conference, the Hickses argued that the parental presumption which normally governs in a custody dispute between a parent and a non-parent was inapplicable in this case. This presumption, that it is in the best interest of a child for custody to be awarded to a natural parent, is deeply rooted in Texas law. See Lewelling v. Lewelling, 796 S.W.2d 164, 166 (Tex.1990). However, the Hickses contended that when Kilgore agreed to appoint Christiansen as V.L.K.'s managing conservator, she voluntarily relinquished the right to that presumption and should be treated the same as a non-parent. The Hickses also argued that the parental presumption applies only in original custody determinations and not to a modification of conservatorship. Kilgore objected, but the trial court agreed with the Hickses and found that the parental presumption did not apply in this case.
After both parties presented their cases and rested, the Hickses argued at the charge conference that the lack of the parental preference instruction in the court's charge was insufficient to instruct the jury on the law governing this case. To reinforce that the parties were on a level playing field, the Hickses argued, the jury should be instructed that in this case, there is no presumption that a parent *890 should be appointed as managing conservator. Kilgore objected again, and asked for the charge to include an instruction to the jury that it was in the best interest of the child to appoint Kilgore as managing conservator unless that appointment would significantly impair V.L.K.'s physical health or emotional development. Alternatively, Kilgore's attorney argued that the trial court should not include the "no presumption" instruction requested by the Hickses because it would move the jury from a neutral position to one disfavoring Kilgore. The trial court overruled Kilgore's motions and included the following instruction in the charge:
NO PRESUMPTION
There is no presumption that a parent should be appointed as managing conservator if there has previously been an order of custody awarding conservatorship to a third party, or if the parent has voluntarily relinquished actual care, control and possession of the child to a non-parent for a period of one year or more, a portion of which was within ninety days preceding the date of intervening in or filing of this suit and the appointment of the non-parent as managing conservators [sic] is in the best interest of the child.
After instructions and definitions, a single issue was submitted to the jury:
Who should be appointed Managing Conservator of the child?
You may answer by writing James Dwayne Hicks and Medina Lynn Hicks or Leigh Ann Kilgore.
The trial court rendered judgment on the jury's answer that the Hickses should be appointed managing conservators.
On appeal, Kilgore contends that the trial court erred in refusing to give an instruction on the parental presumption and further, in affirmatively charging the jury that no parental presumption existed in this case.

STANDARD OF REVIEW
We review a trial court's decision to submit or refuse a particular instruction under an abuse of discretion standard. See Texas Dept. of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex.1990). The trial court thus has wide latitude to determine the propriety of explanatory instructions and definitions. See TEX.R. CIV. P. 277; Louisiana-Pacific Corp. v. Knighten, 976 S.W.2d 674, 676 (Tex.1998). If error is shown, we reverse only if, when viewed in light of the totality of the pleadings, evidence, and charge, the error amounted to such a denial of the rights of the complaining party as was reasonably calculated to cause and probably did cause rendition of an improper judgment. See Knighten, 976 S.W.2d at 676; Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n, 710 S.W.2d 551, 555 (Tex.1986).

PARENTAL PRESUMPTION
Texas recognizes a long-standing presumption that in a custodial dispute between a parent and a non-parent, the child's best interests are served by awarding custody to the parent. See Lewelling, 796 S.W.2d at 166 & n. 1 (citing Mumma v. Aguirre, 364 S.W.2d 220, 221 (Tex.1963) and Legate v. Legate, 87 Tex. 248, 28 S.W. 281, 282 (1894)). This presumption is codified in section 153.151 of the family code, which requires the trial court to appoint a parent as managing conservator of the child unless the court finds "that appointment... would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development." TEX. FAM.CODE ANN. § 153.131 (Vernon Supp. 1999). The overriding purpose of the statute is to "require a heightened standard in cases where no parent is to be awarded any type of managing conservatorship.... "Brook v. Brook, 881 S.W.2d 297, 300 n. 2 (Tex.1994).
Because this appeal involves a motion to modify conservatorship rather than an original custody proceeding, the Hickses *891 argue that the presumption is not applicable. We disagree.
First, as the supreme court noted in Lewelling, the parental presumption was significantly strengthened by legislative amendment in 1987. The statute as presently worded creates a strong presumption in favor of parental custody and imposes a heavy burden on the non-parent. See Lewelling, 796 S.W.2d at 167. Nothing in the statute indicates that the presumption in favor of appointing a parent as managing conservator is limited to original custody proceedings. While a prior order adjudicating custody between a parent and non-parent could be res judicata as to the parties to that suit regarding the best interest of the child, we do not believe the prior order removes the presumption in a case such as this, where the non-parent seeking appointment was not a party to the previous order.
The Hickses rely on In re Ferguson, 927 S.W.2d 766 (Tex.App.Texarkana 1996, no writ), where the paternal grandparents intervened in an original divorce proceeding seeking managing conservatorship of their grandchildren. The trial court appointed the mother as sole managing conservator and awarded possessory conservatorship to the grandparents. Three years later, when the mother notified the grandparents that she was moving to Houston, the grandparents again sought managing conservatorship of the children. This time, the court found in favor of the grandparents and appointed them managing conservators, naming the mother as possessory conservator.
Shortly before a year had passed, the mother filed a motion seeking managing conservatorship of her children. The trial court found that she had failed to show that it would be a positive improvement for the managing conservatorship to be changed, as required under section 156.101 of the family code. Id. at 767-68; TEX. FAM.CODE ANN. § 156.101 (Vernon 1996). The court held that although the parental presumption was a factor to consider, it did not negate the mother's burden to show that a positive improvement for the children would result from a change in conservatorship. See Ferguson, 927 S.W.2d at 768.
The instant case is factually distinguishable from Ferguson (and other cases that have considered this issue) in that first, it does not involve the parties to the original suit and second, the individual who was appointed managing conservator in the previous order does not seek to retain custody of the child. Thus, unlike the Ferguson case, both Kilgore and the Hickses (i.e., the parent and non-parents) initially carried an identical burden in this case: to show that it would be a positive improvement for Christiansen's managing conservatorship to be changed. Assuming that both parties established that it would be a positive improvement for the managing conservatorship to be changed to them,[4] which was a fact question for the jury, the parental presumption would then favor appointing Kilgore, as the natural parent, over the non-parents. See TEX. FAM.CODE ANN. § 153.131; Brook, 881 S.W.2d at 300. The Hickses, of course, would be entitled to attempt to rebut the presumption with evidence that the appointment would significantly impair V.L.K.'s physical health or emotional development. See TEX. FAM.CODE ANN. § 153.131.
In addition, Texas courts have consistently held that even in a suit to modify conservatorship between the original parties, the parental presumption is still a factor that must be considered in a custodial dispute between a parent and non-parent. See Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790 (1955) (holding that prior custody order is res judicata as to the best interest of the child at the time it was ordered; although no longer controlling *892 in a suit to modify custody between those parties, parental presumption is still a factor for the court to consider); In re A.D.H., 979 S.W.2d 445, 447 (Tex.App. Beaumont 1998, no writ) (holding that parental presumption is a factor to consider in suit to modify); Ferguson, 927 S.W.2d at 768 (same). And despite the Hickses' assertions, no caseincluding Ferguson has ever held to the contrary.
Under the facts of this case, we hold that the preference in favor of appointment of a natural parent as the child's managing conservator was not obliterated by the January 1996 agreed decree. We also hold that the trial court abused its discretion when it instructed the jury that a parent is not entitled to the parental presumption if there is a previous order awarding custody to a third party. Finally, because of the weight this presumption may have carried in the jury's determination, we cannot say that the trial court's error did not probably cause the rendition of an improper verdict. Accordingly, we sustain Kilgore's third point.
We reverse the trial court's order modifying the agreed decree and remand for a new trial consistent with this opinion.
NOTES
[1] Kilgore also asserts in points one and two that the trial court committed reversible error in excluding Kilgore's testimony about events leading up to the shooting death of V.L.K.'s father and various "firsts" V.L.K. experienced with Kilgore. Because we sustain Kilgore's third point, we need not reach the merits of her first two points.
[2] Christiansen is employed by the U.S. Immigration and Naturalization Service and lives in Vienna, Austria.
[3] Before Christiansen filed her answer, Donna filed a petition in intervention requesting that she and her husband be appointed V.L.K.'s sole managing conservators. The court later dismissed Donna's petition.
[4] Christiansen admitted in her response to the Hickses' interrogatory that it was not in V.L.K.'s best interest for her to remain managing conservator.