# NO. 12-14-00301-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| *TIMOTHY TREADWELL,* | § | *COUNTY COURT AT LAW* |
| *A CHILD* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Anthony Treadwell appeals the trial court's order to modify the parent-child relationship. On appeal, Anthony presents one issue. We affirm.

### Background

Anthony Treadwell and Courtney Crawford are the parents of one child, Timothy, born May 16, 2009. Anthony and Courtney were divorced on June 23, 2010, and were appointed joint managing conservators of the child. In the decree of divorce, Courtney was granted the exclusive right to designate the primary residence of the child. Anthony was granted possession of the child at any time that he was off work so long as he gave Courtney twenty-four hours notice.

Courtney filed a petition to modify the parent-child relationship, stating that the circumstances of the child, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of the divorce decree. She requested that Anthony's possession of, and access to, the child be modified to comply with a standard possession order, and that Anthony's child support payments be increased. In response, Anthony requested that he be appointed as the conservator with the exclusive right to designate the primary residence of the child without regard to geographical location, and that he be designated as sole managing conservator of the child.

A bench trial was held beginning on March 26, 2014. At the conclusion of the trial, the court rendered an order appointing Anthony and Courtney as joint managing conservators of the child and granting Courtney the exclusive right to designate the primary residence of the child in Cherokee County.  Anthony was granted possession of, and access to, the child pursuant to a standard possession order.  Further, he was ordered to pay an increased amount of child support. Anthony filed a motion for new trial, which was denied by operation of law, and the trial court filed findings of fact and conclusions of law.  This appeal followed.

## SOCIAL STUDY

In his first issue, Anthony argues that the trial court abused its discretion in sua sponte ordering a social study after the close of evidence. He also contends that the social study was inadequate, and therefore the trial court abused its discretion in using it to decide the case.

### Standard of Review

A trial court's modification of conservatorship is reviewed for abuse of discretion.  *In re P.M.B.*, 2 S.W.3d 618, 621 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  It is an abuse of discretion for a trial court to rule without supporting evidence.  *Id.*  Under an abuse of discretion standard, the legal and factual sufficiency of the evidence are not independent grounds of error, but are relevant facts in assessing whether the trial court abused its discretion.  *In re Ferguson*, 927 S.W.2d 766, 769 (Tex. App.—Texarkana 1996, no writ).  In the absence of a clear abuse of discretion, an appellate court should not substitute its judgment for that of the trial court.  *Id.*

### Applicable Law

The court may order the preparation of a social study into the circumstances and condition of a child who is the subject of a suit or a party to a suit and the home of any person requesting conservatorship of, possession of, or access to a child.  TEX. FAM. CODE ANN. § 107.051(a) (West 2014).  The social study is to be made a part of the record in every case and need not be tendered into evidence.  *Green v. Remling*, 608 S.W.2d 905, 907 (Tex. 1980).  Thus, in a bench trial, the court may consider the report regardless of whether it is formally introduced into evidence.  *Chacon v. Chacon*, 978 S.W.2d 633, 636 (Tex. App.—El Paso 1988, no pet.).  A party is entitled to call as a witness the author of the report to attack the accuracy of the information included or the conclusions drawn therefrom.  *Id.*; *see* TEX. FAM. CODE ANN. § 107.055(c) (West 2014).

To present a complaint for review on appeal, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1). "[O]bjection to a trial court's alleged improper conduct or comment must be made when it occurs if a party is to preserve error for appellate review, unless the conduct or comment cannot be rendered harmless by proper instruction." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). A party waives error by failing to raise it in the trial court. *Jacobs v. Satterwhite*, 65 S.W.3d 653, 656 n.1 (Tex. 2001).

## Analysis

As a part of his first issue, Anthony argues that the trial court abused its discretion by sua sponte ordering a social study. The record shows that after both parties rested and made their closing arguments, the trial court stated that it was not prepared to make a final order, that it wanted to think about the case and review its notes, and wanted a social study to be completed on both parties' homes. The trial court asked Anthony's counsel if he had any objections. He responded that he had "no objection," and the trial court ordered Jody Westbrook to complete a social study.

Failure to present a timely and specific request, objection, or motion to the trial court for a ruling results in waiver or forfeiture of the right to present the claim on appeal. *See* TEX. R. APP. P. 33.1; *Jacobs*, 65 S.W.3d at 656 n.1. Because Anthony affirmatively stated that he had "no objection," we hold that he waived any claim on appeal that the trial court abused its discretion in sua sponte ordering the social study.

At the final hearing, the trial court denied Anthony's motion for continuance and declined to reopen the evidence. The court stated further that it may have been "out of line in ordering the [social] study at the time," but that it believed it was within its rights and ability as a court to do so. The court also informed the parties that it had reviewed its "pretty specific" notes from the hearing and briefly looked at the social study, but did not read the whole document. Moreover, the court states in its finding of fact number 19 that it did not consider the social study or its addendum in arriving at its findings of fact or conclusions of law. Therefore, we conclude that the trial court relied on its "pretty specific" notes to decide the case and did not consider the

3

social study or its addendum. Consequently, we need not address the adequacy of the social study.

We overrule Anthony's sole issue.


## DISPOSITION

Having overruled Anthony's sole issue, we *affirm* the judgment of the trial court.


GREG NEELEY
Justice


Opinion delivered May 29, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### MAY 29, 2015

### NO. 12-14-00301-CV

### IN THE INTEREST OF TIMOTHY TREADWELL, A CHILD

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 2010-04-0299)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **ANTHONY TREADWELL**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*